## CUMMINGS et ux. v. NIELSON et al.

No. 2681.   Decided June 24, 1915 (150 Pac. 295).

SPECIFIC PERFORMANCE—GROUNDS OF RELIEF—CONTRACT TO PURCHASE
REAL ESTATE. The holder of an option to purchase real estate
upon as low terms as should be offered by any other party can-
not, after resfusing to purchase the property at the price offered
by another and after sale made upon such offer, maintain a bill
for the cancellation of the deed to such purchaser, and for spe-
cific performance under the option.

For first appeal of this case see 42 Utah 157.

Appeal from District Court, Third District; *Hon. Geo. G.
Armstrong,* Judge.

Action by Horace H. Cummings and wife against Chris-
tian Nielson and others.

Judgment for defendants.   Plaintiffs appeal.

AFFIRMED.

*Moyle & Van Cott* for appellants.

*Hancock & Barnes, J. Ingebretsen* and *Dey, Hoppaugh &
Fabian* for respondents.

STRAUP, C. J.

In October, 1905, the plaintiffs and the defendants Nielson
entered into this written agreement.

"This agreement made and entered into between Horace
H. Cummings and Barbara M. Cummings, his wife, first part,
and Christian Nielson and Sarah E. Nielson,, his wife, second
part, all of Salt Lake City, Salt Lake County, Utah, wit-
nesseth: That the said second party hereby sells and conveys
to the first party all their right, title and interest in the Cum-
mings-Nielson Co. represented by fourteen shares of the cap-
ital stock (one share of their original investment having been

sold to James Nielson), and also to give an option on all
their or either of their interest in the estate of Julian Moses,
deceased, or refusal to purchase the same at a price as low
as any other *bona fide* offer for it or any portion of it, for the
sum of five hundred eighty ($580) cash, the receipt of which
is hereby acknowledged, and four hundred thirty ($430)
within six months from date hereof. The said second party
shall also see that the 10 shares of stock which is now held as
security of certain payments to be made to Ruth Moses shall
be liberated before the said second payment is made.

"In consideration of the transfer of stock and the fulfilling
of the aforesaid covenants and conditions, the first party
agrees to make the payments as aforesaid, viz.:   $580 cash
and $430 in six months from date hereof."

It was not recorded. Thereafter the Nielsons by deed
conveyed the real property referred to in the agreement—
their interest in the estate—to Stillman. The plaintiffs seek
to have that deed canceled, the contract specifically performed
and the property conveyed to them. The case was here be-
fore. 42 Utah 157, 129 Pac. 619. The contract was then con-
sidered by us. We held the motion for a nonsuit directed
against the appellants was improperly granted. The case
thereafter was tried on the merits, and resulted in findings
and judgment in favor of the defendants. The plaintiffs again
appeal. The court found that the plaintiff Barbara M. Cum-
mings, and the defendant Sarah Sarah E. Nielson and Esther
B. Swain were sisters, daughters of Julian Moses, deceased.
On administration and distribution of his estate the lands re-
ferred to in the agreement were distributed in fee to them,
subject, however, to a life estate in Ruth R. Moses, the sur-
viving widow. The decree was recorded in 1899. In 1908 the
Nielsons "tendered and offered to sell" their interest in the
property to the Cummingses "at as low a price as any other
offer for it, and upon the terms of said contract, but the said
parties neglected and refused to exercise the option to pur-
chase granted by said contract, and refused to purchase said
property at all, and that the said contract, in so far as the
same granted or conferred upon the said" Cummingses "any
interest, any right, any option to purchase the interest of the

said" Nielsons "in the estate of Julian Moses, deceased, had lapsed, and the plaintiffs had refused to conform to the conditions thereof prior to the 11th day of July, 1908, and long prior to the purchase of the interest of the said Sarah E. Nielson in said premises" by the Stillmans. On the 11th of July, 1908, the Nielsons, by warranty deed, conveyed their interest to Stillman. It was recorded two days thereafter.

The court further found:

"That the purchase price * * * for the conveyance was * * * $3,000, to be paid as follows: $500 on the execution of said deed, $500 6 months thereafter, $500 12 months thereafter, and $1,500 60 days after the death of Ruth R. Moses, and that said consideration has been paid substantially at the time and in the manner above set forth. That neither at the time of said conveyance, nor at any date prior thereto, did the defendants Forest N. Stillman and Mrs. Forest N. Stillman have any knowledge or notice whatsoever of the existence of the contract between the plaintiffs and the defendant Christian Nielson and Sarah E. Nielson, heretofore recited, nor any knowledge or notice that the said plaintiffs had or claimed any interest whatever in or to the estate conveyed to the said defendant Forest N. Stillman, as aforesaid. That the said conveyance was not made wrongfully nor in violation of said agreement, nor was the said Forest N. Stillman informed at, nor at any time prior to, the execution and delivery of said deed, nor did the said Forest N. Stillman know that the plaintiffs had, or owned, or claimed, any right or option to purchase the interest of the said Sarah E. Nielson or her husband in or to the said estate of Julian Moses, deceased, or any right or option to purchase the interest of said Sarah E. Nielson and husband in and to the lands and premises hereinbefore described. That said conveyance was not void or fraudulent, but to the contrary was made in good faith for a valid consideration and without notice of any kind of any of the claims of the plaintiffs herein."

The court further found:

"That after the making and delivery of the agreement * * * and while the said * * * (the Nielsons) were negotiating with the said defendant Forest Stillman for the

purchase of said property and after they had secured an offer of $3,000 therefor from the said Stillman, the said * * * (the Nielsons) informed the said Horace H. Cummings and Barbara M. Cummings that they had an opportunity to sell said property for $3,000, and that they had decided to sell the same for that sum, and also requested the plaintiffs to purchase said property from them at said price of $3,000; that in response to said request said plaintiffs first suggested to the said Nielsons that they (the said Cummingses) would take the property at said price, but shortly thereafter stated to the said Nielsons that they were disappointed in raising money and could not and would not take the property and pay for same the sum of $3,000, and suggested that they might take the property if payments therefor could be made in installments; that several plans for the payment of said purchase price were suggested by the said plaintiffs to the said Nielsons; that the said Nielsons stated to the said plaintiffs that, while such offers were not satisfactory, nevertheless they would be accepted; that notwithstanding all of these negotiations, nevertheless the plaintiffs failed to purchase said property, and finally informed the said Nielsons that they would not purchase the property for $3;000 under any of the plans suggested, and would not pay the sum of $3,000, either in cash or deferred payments, and advised the said Nielsons that they did not care to purchase the property at all, and would not buy the same, and that the said Nielsons might sell the property to any one or do with the same as they pleased."

When the property was conveyed to Stillman, Ruth R. Moses was seventy years of age, and "while in poor health and feeble, nevertheless her illness was not of a fatal character, nor was there any reason to believe that the life estate would soon terminate." She died in January, 1910.

The court further found:

"That on or about the 1st day of December, 1908, the plaintiffs learned of the purchase of said premises by the defendant Forest N. Stillman, but made no attempt to claim any interest in said premises under said option, or to exercise said option, until the death of the said Ruth R. Moses as aforesaid."

Cummings et ux. v. Nielson et al., 46 Utah 294.

The suit was commenced in February, 1910.

Upon these findings the court refused to grant specific performance, and adjudged Stillman the owner and entitled to the possession of the property. The findings are assailed. The complaint is that they are not supported by and are contrary to the evidence. On a review of the record we find the evidence in conflict. There is some evidence in support of all of the findings. It is not strong as to the finding that Stillman purchased without notice. It may be conceded the weight of the evidence is against that finding. But that alone does not justify a different result. The finding that the Nielsons, before they sold to Stillman, offered to sell to the Cummingses, but that they declined to purchase for the sum of $3,000, is well supported. There is no substantial conflict that they offered to sell the property to them for that sum. There is a conflict, however, as to this: The Cummingses contend that they offered to pay $3,000, but at the rate only of $25 a month. That was not satisfactory to the Nielsons, and then the Cummingses offered to pay $50 a month, which finally was accepted, but that the Nielsons failed to come forward with a deed. The Nielsons contended that the Cummingses finally declined to pay $3,000 for the property either in cash or installments, stating that that was too much, and that the Nielsons could sell to another, if they could get that for the property; and thereupon they sold the property to Stillman for $3,000 upon terms as found, and that all of the consideration had been paid. As to these contentions we think the Nielsons are supported, not only by good evidence, but by the greater weight of the evidence, and that the findings ought to be approved. With that finding the Nielsons offered to perform, but the Cummingses failed or declined to perform the contract, and hence the latter are not entitled to specific performance. The ownership of the property in Stillman on the deed from the Nielsons follows as matter of course.

We, therefore, think the judgment should be affirmed, with costs. Such is the order.

FRICK and McCARTY, JJ., concur.