# So. Ry. Co. v. Collins.

### Setting Out Fire.

(Decided November 21, 1912. 60 South. 95.)

1. *Railroads; Setting Out Fire; Evidence; Sufficiency.*—While an action for damages for setting out fire cannot be supported upon proof of a mere possibility that the fire was caused by sparks emitted from a railroad engine, yet, under the evidence in this case the jury was authorized to find that the fire was so set out and to render a verdict against the said railroad company.

2. *Trial; Province of Jury.*—The determination of the credibility of witnesses and the weight to be accorded to testimony is peculiarly within the province of the jury.

APPEAL from Hale County Law & Equity Court.

Heard before Hon. CHAS. E. WALLER.

Action by J. W. Collins, Jr., against the Southern Railway Company for damages to property by fire alleged to have been set out by a passing railway locomotive of the defendant. Judgment for plaintiff and defendant appeals. Affirmed.

R. V. EVINS, and PETTUS, FULLER & LAPSLEY, for appellant. Under the testimony in this case the jury was not warranted in finding that the fire was set out by

sparks emitted from an engine of the defendant, therefore the court erred in submitting that question to the jury and in refusing to set aside their verdict.—33 Cyc. 1396; *Miller Brent Lbr. Co. v. Douglass,* 167 Ala. 286; *Sherrill v. L. & N. R. R. Co.,* 148 Ala. 1; 67 N. W. 425; . 86 N. W. 451; 50 N. W. 353.

THOS. E. KNIGHT, for appellee. Counsel discusses the evidence and the inferences to be drawn therefrom and contends that the matter of the cause of the fire was a question to be submitted to the jury, that it was properly submitted and that therefore its verdict should not be here disturbed.—*A. G. S. R. R. Co. v. Clark,* 145 Ala. 459; *Sou. Ry. Co. v. Johnson,* 141 Ala. 575; *L. & N. R. R. Co. v. Sherrill,* 152 Ala. 213; *Same v. Malone,* 109 Ala. 509; *Same v. Miller,* 109 Ala. 506; *Sou. Ry. Co. v. Darwin,* 156 Ala. 311.

SAYRE, J.—In this case appellee, plaintiff below, claimed and recovered judgment against defendant for that his barn and its contents were destroyed by fire set by sparks from defendant's engine. With engaging frankness appellant admits that there was ample evidence going to show either that the engine was defectively equipped, or negligently operated, so that, under ordinary circumstances, the jury would have been justified in drawing the inference that sparks were negligently emitted therefrom which set fire to plaintiff's barn. And so the contention for a reversal is based upon two propositions: That the circumstances shown were such as to exlcude any reasonable finding that the fire was communicated from the engine; or, at best for the plaintiff, that the great weight of the evidence was against the conclusion reached by the jury. These propositions were urged in the court below by

way of instructions requested and by a motion for a new trial. They come to about the same thing, and one answer will suffice for both contentions.

On the case as now presented the question is whether the plaintiff, in the effort to sustain the burden of proof which rested upon him, adduced evidence which, conceding to it all the probative effect it was fairly entitled to have, warranted the conclusion reached. Plaintiff's recovery could not be allowed to rest upon proof of a mere possibility that the fire was set by sparks from defendant's engine. On the motion for a new trial the inquiry was whether the verdict was sustained by credible testimony of a substantial case—a case which appealed to the reason and judgment of the court. It would be of no use to enter upon an elaborate statement of the testimony. The proof was circumstantial, but, on the whole, appears to us to have been as satisfactory as the proof in any such case could ordinarily be, unless controlling influence and effect be assigned to two or three considerations which will be mentioned. For one thing, it is urged that it was raining heavily when the engine passed the barn, so that sparks could not have lived while being carried over the intervening space, or, if alive when carried by the wind through the open door of the barn, which stood just 50 feet from the center of the track, they could have reached only those parts which had been wetted by the rain. But the weight of the evidence is to the effect that there was an interval covering the time of the passing of the train during which there was no considerable rain, but only a drizzle, or, at most, "it was not raining hard." It appears to be well within the probabilities of the case that some of the sparks or hot cinders, shown to have been of unusual size and emitted in great number, were driven while yet alive through the door by

the wind, which blew from the track to the barn, and found their way to some of the loose, dry hay or other highly inflammable material stored there. In the facts shown there could be found no other plausible theory as to the origin of the fire, unless resort be had to the hypothesis that it was caused by a stroke of lightening. And upon this last-mentioned hypothesis appellant insists. But upon consideration of the whole evidence, including that offered as newly discovered upon the motion to set aside the verdict, we are impressed that this is not a workable theory of the case. At best it can hardly be said to amount to more than a suggestion growing out of the evidence—a merely possible, though not probable, theory upon which to account for the origin of the fire. And there was testimony which, if credited by the jury, removed even this possibility, humanly speaking, from the case. Out of these considerations, evidently, has arisen the fact that a large part of appellant's brief is taken up in a discussion of the inherent improbability of some parts of the testimony, and its general lack of credibility. Perhaps the bias of interest did result in a too accurate recollection by some of the witnesses of some details of the electric phenomena observed about the time of the fire. But, after making due allowance for all such considerations, we find substantial grounds upon which the jury may have placed their verdict. The question at last seems to have been whether a certain electric discharge, so violent and near at hand as to attract the special attention of witnesses who were at the time at the depot, about 225 feet from the barn, should have been accepted as furnishing a satisfactory explanation of the origin of the fire. No witness saw the blaze kindled, nor does any one say he saw lightning strike the barn. On the other hand, two witnesses, one of whom,

at least, evinced no exaggerated recollection of details, say the barn was already burning at the time of the particular flash to which appellant would attribute the origin of the fire.  It was within the peculiar province of the jury to determine the credibility of the witnesses, to weigh the testimony, and find the facts.  Certainly the issue here was properly submitted to them in the first place; and we have been unable to find any satisfactory reason why there should have been judicial interference with the result of their deliberations.— *Cobb v. Malone,* 92 Ala. 630, 9 South. 738.  The judgment will be affirmed.

Affirmed.  All the Justices concur, except DOWDELL, C. J., not sitting.