Isaac T. Allen

*vs.*

Maine Central Railroad Company.

Daniel T. Bisbee et al.

*vs.*

Maine Central Railroad Company.

Androscoggin.    Opinion December 17, 1914.

*Fire.    Locomotive Engine.    Preponderance of Evidence.*

1.  The testimony as to engine of defendant passing the lot just before the fire, and that other engines of defendant had set fire in that vicinity, tended to establish the possibility and consequential probability that the fire was communicated by the locomotive engine of defendant, but that alone does not satisfy the rule that the plaintiff must prove, by a fair preponderance of the testimony, that the engine did communicate the fire.

2.  If other causes are eliminated; if other facts and circumstances are proved, tending to support the theory that a locomotive engine communicated the fire, the probabilities may turn the scales in favor of the plaintiff, but in this case other causes are not eliminated; and the facts and circumstances proved do not corroborate the plaintiff's theory.

On motion for new trial in each case.    Motion in each case sustained and new trial granted.

These are actions on the case to recover the value of certain described property alleged to have been destroyed by fire communicated thereto by a locomotive of the defendant.    The general issue was plead in each case.    In the case of *Allen* v. *Maine Central Railroad Company*, the jury returned a verdict for plaintiff of $430.90, and in the case of *Bisbee* v. *Maine Central Railroad Company*, the jury returned a verdict for plaintiff of $866.08.    The defendant filed a general motion for a new trial in each case.

The cases are stated in the opinion.

*A. E. Verrill,* for plaintiffs.
*White & Carter (Charles B. Carter),* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HALEY, J.  Two actions on the case brought by the plaintiffs to recover the value of property destroyed by fire alleged to have been communicated by a locomotive engine of the defendant.  The cases were tried together at the January term in Androscoggin County, and the verdicts were for the plaintiffs, and the cases are before this Court upon motions to set aside the verdicts as against law and evidence.

The land of the plaintiff Allen, which was burned, adjoined the railroad and contained twenty-four acres.  The plaintiff Allen also owned some cord wood on the land which was burned.  The plaintiff Bisbee owned the sawed lumber on the lot.  The fire occurred June 28, 1913, and the property of both plaintiffs was destroyed and damaged to the amount found by the jury.

The only question before us is did the testimony authorize the verdicts?

It was proved that shortly before the fire two trains of the defendant passed by the land, and there was some evidence that one of the engines emitted a large quantity of smoke.  The wind was blowing down the track toward the place where the fire was discovered. The winter preceding the fire, the plaintiff Bisbee cut the pine upon the lot and sawed it into box bolts and lumber.  The slash from the winter's operation remained upon the ground where it fell, was thoroughly dry, and of course very inflammable.  Before the fire Hilda Atwood, who lived a short distance from the lot, was on the lawn in front of the house.  She was taking care of, or looking out for her brothers, Charlie Atwood, eight years old, and Clyde Atwood, six years old, and Frank Thorne a neighbor's boy was playing with them.  She heard the last train pass about twenty minutes before the fire was discovered.  About three minutes before the discovery of the fire she went out back of the house where the boys were playing, over by the pine grove and by the ledge that the Thorne boy, called "his rock," but a few feet from where it is claimed the fire started, about one hundred feet from the track of the defendant.

At that time, three minutes before the fire was discovered, she saw no fire or smoke and returned to the house. The three boys had two boxes of matches and an empty syrup can, and were trying to light a smudge in the can when the Thorne boy left, the smudge being of dry pine spills. They could not make the matches burn at first. The Thorne boy left for home, and then started for the post office. The other boys began to scream, and Hilda Atwood went to the back of the house and saw the fire, and Mrs. Brissard looked across the railroad track and saw the two boys by the fire when it was as big as a water pail, and saw them run away, the Thorne boy, who had just left the Atwood boy, told that Charlie Atwood set the fire, and Hilda Atwood heard Charlie Atwood say he set the fire. There is a dispute in regard to where the fire started. The witness Spear, who was some seven hundred and fifty feet away loading cars, locates it within thirty feet of the railroad track, but before he came to where the fire was he took his horses to the stable and put them up. Meanwhile the fire had made great progress, and a Mrs. Jeans, who lives across the track, thought it was some thirty feet from the track; but her testimony is so indefinite that it must be a guess. The testimony showed that the fire backed towards the railroad, which would account for the location given by these witnesses after it had gotten under way.

The testimony as to the engines passing the lot just before the fire, and that other engines of the defendant had set fire in that vicinity, tended to establish "the possibility and consequential probability" that the fire was communicated by the locomotive engine of the defendant, but that alone does not satisfy the rule that the plaintiff must prove, by a fair preponderance of the testimony, that the engine did communicate the fire. If other causes are eliminated; if other facts and circumstances are proved tending to support the theory that a locomotive engine communicated the fire, the probabilities may turn the scales in favor of the plaintiff; but in this case other causes are not eliminated; and the facts and circumstances proved do not corroborate the plaintiff's theory, or tend to strengthen the probability that the engine of the defendant communicated the fire, but tend to prove that it did not. The evidence shows a possibility that the locomotive engine of the defendant communicated the fire. It also shows a possibility that the Atwood boy caused the fire.

As said by the Court in *Titcomb* v. *Powers*, 108 Maine, page 349, "To choose between two possibilities is guesswork, and not decision, unless there is something more which may lead a reasonable mind to one conclusion than the other." There is nothing in the evidence that authorizes the conclusion that the cause of the fire was the locomotive engine of the defendant rather than the act of the Atwood boy. To choose between the two possibilities is guesswork and not decision. An examination of the evidence shows but a possibility in support of the plaintiffs' claims, and make it manifest that the verdicts cannot stand.

*Motions sustained.*
*New trials granted.*