## KANSAS CITY SOUTHERN RY. CO. v. HENDERSON.

No. 5814.   Opinion Filed December 21, 1915.

(153 Pac. 872.)

1.   **RAILROADS—Fires—Sufficiency of Evidence.** Upon a careful examination of the evidence, the same is found to be insufficient to support the cause of action counted upon.

2.   **APPEAL AND ERROR—Verdict—Evidence.** The verdict of a jury must be rendered upon evidence reasonably tending to support same, and not upon conjecture.

3.   **RAILROADS—Fires—Action for Damages—Evidence.** An action to recover damages for the burning of a barn by sparks emitted from an engine of a railway company cannot be supported upon proof of the mere possibility that the fire was caused in that manner.

(Syllabus by Collier, C.)

*Error from County Court, Sequoyah County;*
*J. G. McComer, Judge.*

Action by A. H. Henderson against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Kyle & McCombs* and *James B. McDonough,* for plaintiff in error.

*J. H. Jurman,* for defendant in error.

Opinion by COLLIER, C.   This is an action brought by A. H. Henderson, hereinafter designated plaintiff, against the Kansas City Southern Railway Company, hereinafter called defendant, to recover damages for the destruction by fire of a barn and its contents.   The evidence of plaintiff is substantially as follows:   Plaintiff was the owner of a barn located 230 feet on the west side of defendant's railroad, and about four miles north of Marble City.   The barn was built of lumber, lengthwise with and parallel to the railroad.   The roof slanted from the railroad, and there was no roof or other obstruction between the railroad and the side of the barn next to it. There was an open space two feet wide and four feet from the ground, running the entire length of the barn on the side next to the railroad, and the same side was slatted up with two-inch slats running horizontally and about an inch apart.   Underneath this two-foot open space on the inside of the barn was a trough and manger, in which feed for stock was placed from the outside through this open space.   The south end of the barn was filled with baled hay, and at the time of the fire there was a pair of mules in the north end of the barn that had been fed for the night; the trough or manger was full of loose oat hay and loose straw or hay.   The railroad by the barn was up-grade.   A short time before dark witness Charlie Teague passed by the barn, tolling some hogs home, and at that time there was oat hay in the trough or manger, which he saw through the opening, and which the mules were eating.   There was no one about the barn then and no sign of fire.   The father of this witness had passed by the barn some time before that, going to a meeting.   The father was a pipe smoker, but did not smoke all the time.

11—54

The witness tolled his hogs home, which was about 200 yards from the barn, and in about three-quarters of an hour after he left the barn, and while he was sitting on the yard fence at his home, he saw a long freight train go slowly by the barn in a northerly direction, which was upgrade, and about five minutes after it passed he saw a fire about two feet high in the northeast corner of the barn in the manger where the mules were eating the oat hay.

The uncontradicted evidence showed the value of the barn and its contents, which were destroyed by the fire, to be equal to the amount of the verdict rendered. The only evidence as to the emission of sparks from the engine which passed the barn about five minutes before the fire is shown by the testimony of Charlie Teague, as follows:

"Q. When that train was coming along there that night, did you notice whether it was emitting or throwing out sparks? A. It seemed like it was; I wouldn't be positive; noticed sparks; I noticed it was running slow; it was a big, long train."

It is also shown by the evidence that the mules had been fed for the night, but the person who fed the mules was not introduced as a witness in the case, and that at the time of the fire the weather was very dry and hot. There is no evidence showing, or tending to show, that the sparks emitted from the engine went in the direction in which the barn was located, or whether or not sparks were emitted from the engine, and if so, in what quantities, or the distance said sparks lived after leaving the smokestack of the engine, or that sparks, if emitted from the engine, would have lived for the distance that the

barn was from the railroad; nor is the velocity of the wind shown.

Upon conclusion of the evidence of plaintiff, defendant demurred thereto, which demurrer was overruled and exception saved. The trial resulted in a verdict for plaintiff in the sum of $125. Motion for a new trial was filed, overruled and exception saved. Judgment was entered upon the verdict, and this appeal is prosecuted to reverse the same.

There are very many errors assigned, some of which we regard, especially those that go to the instructions given, as frivolous. From the view we take of the case, it is unnecessary to determine any question, other than whether or not there was sufficient evidence to submit to the jury the question of whether or not the barn was fired by sparks emitted from the engine when it passed the barn about five minutes prior to the discovery of the fire. Under our statute (section 114, Rev. Laws 1910), the question of negligence does not enter into this case. The evidence is entirely circumstantial; but this would be sufficient if the same was strong enough to reasonably convince the jury that the fire originated from sparks emitted from the engine of defendant.

But, as is said in *Swenson v. Erlandson et al.,* 86 Minn. 263, 90 N. W. 534:

"The origin of the fire must be established by evidence reasonably certain and convincing to an unprejudiced and unbiased mind, and until there is some such evidence there can be no recovery. Circumstantial evidence is, of course, competent and proper, and often the only obtainable evidence in such cases; but, as such evidence consists in reasoning from facts which are known or proved to establish such as are conjectured to exist, the

process is fatally vicious and defective if the circumstances from which we seek to deduce the conclusion depend also upon conjecture and speculation."

There are many authorities cited by plaintiff, but most of them are not in point, for the reason that in those cases a question of negligence arose which is not involved here.

As earnestly requested by plaintiff, we have carefully read the entire case of *St. L. & S. F. R. Co. v. Shannon,* 25 Okla. 754, 108 Pac. 401, 21 Ann. Cas. 1209, and do not find that it supports the contention of plaintiff, or is in conflict with the opinion herein expressed. In that case the evidence showed that the barn was located less than 100 feet from the railroad, that an engine of the company was running heavy and throwing cinders, and that other fires had been set in the grass which surrounded this barn by sparks from other engines, if not from this one of the company. Such facts, if shown, would have been a basis from which the jury might have properly inferred that the barn was set on fire by sparks from defendant's engine.

In the case of *Kansas City, Ft. S. & M. R. Co. v. B. F. Blaker & Co.,* 68 Kan. 244, 75 Pac. 71, 64 L. R. A. 81, 1 Ann. Cas. 883, cited and relied upon by Dunn, J., in the Shannon Case, *supra,* it was held:

"The fact that soon after the passing of an engine a fire starts near a railway track in an inclosed field, covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins."

In the instant case the fire did not start near the railroad in a field covered with highly inflammable matter, or travel before a high wind from the track. Consequently there is a lack of the necessary evidence sufficient, in our opinion, to show that our holding in the instant case is in conflict with the opinion in the Shannon Case, *supra*.

In *Southern Ry. Co. v. Collins,* 179 Ala. 335, 60 South. 95, it was held that an action by one who claimed that his barn had been fired by sparks emitted from a railroad company's engine could not be supported upon proof of a mere possibility that the fire was caused in that manner. In that case, however, the evidence was held sufficient to warrant a verdict against the railway company.

To sustain the verdict in this case, it must be held that the jury, in the absence of evidence in regard thereto, could legally conjecture or assume necessary, controlling facts to support their verdict, that live sparks could be and were carried from the engine to the barn—a distance of 230 feet— and that the wind was sufficiently high to so carry them. Such conjecture or assumption cannot possibly be indulged in by the jury. *St. Louis, S. W. Ry. Co. v. McIntosh* (Tex. Civ. App.) 126 S. W. 692.

"A verdict evidently founded upon mere conjecture of possibilities or probabilities, however reasonable, will not be permitted to stand." *(Moore v. Mo. Pac. Ry. Co.,* 28 Mo. App. 622.)

See, also, 3 Cyc. 352.

After a careful consideration, and applying the well-settled rule that a demurrer to the evidence admits all the facts proved, the existence of the facts which there is

evidence tending to prove, and all the reasonable inferences that may be drawn from the evidence, we are unable to see other than that the court committed reversible error in overruling the demurrer to the evidence.

This cause should be reversed and remanded.

**By the Court:** It is so ordered.