## ST. LOUIS & S. F. R. CO. et al. v. MOBLEY.

No. 9435—Opinion Filed July 30, 1918.

(174 Pac. 510.)

1. **Railroads—Service of Summons—Depot Agent—Location of Depot.**

The evidence in this case examined, and held, that the motion to quash the service of summons was properly overruled.

2. **Railroads—Fires — Action for Damages —"Circumstantial Evidence."**

In an action of this character, "circumstantial evidence" is competent and proper and oftentimes the only obtainable evidence in such cases; but, as such evidence consists in reasoning from facts which are known or proved to establish such as are conjectured to exist, the process is defective if the cir-

cumstances from which we seek to deduce the conclusion depend also upon conjecture and speculation.

(Syllabus by Hooker, C.)

Error from District Court, Latimer County; W. H. Brown, Judge.

Action by T. P. Mobley against the St. Louis & San Francisco Railroad Company, and James W. Lusk and others, its receivers. Defendants' motion to quash and set aside the service of summons overruled and judgment rendered for plaintiff, and defendants bring error. Reversed, and cause remanded for a new trial.

W. F. Evans, R. A. Kleinschmidt, and Fred Suits, for plaintiffs in error receivers.

Oglesby, Cravens & Oglesby, for defendant in error.

Opinion by HOOKER, C. This action was filed by Mobley against the receivers of the St. Louis & San Francisco Railroad Company and the company on the 8th day of February, 1916. Summons was issued and returned by the sheriff on February 10, 1916, and thereafter on March 11, 1916, the sheriff amended his return so as to show:

"Received this writ the 8th day of February, 1916, and served the same on the within-named defendant by delivering a copy thereof with all the indorsements thereof duly certified by me to be a true copy thereof, to J. W. Riley, of Bengal, in Latimer county, on the 9th day of February, 1916, he being agent to sell tickets and station keeper of the receivers of said railroad company at Bengal, in Latimer county, no person being by said defendant corporation designated in said county upon whom service can be served, and the president, chairman and board of directors or trustees or other chief officer, cashier, treasurer, secretary, clerk or managing agent of said defendant corporation not being found in said county."

Thereafter on March 17, 1916, the company and the receivers appeared specially and, for the purpose of that motion only, moved to quash and set aside the pretended service of summons in said cause for the reason that the same was issued, served, and returned according to law, and before the trial court the company and the receivers stated the grounds of their motion as follows:

"The grounds for this motion is this, your honor: That the St. Louis & San Francisco Railway Company has no depot or station grounds, office, or place of business whatever, in Latimer county, Okla., that the depot and place of doing business at Bengal, where this alleged service was had, is situated wholly in Le Flore county; that the sheriff of Latimer county received this summons, and went to Bengal to serve the same, and endeavored to serve it on this defendant by finding the station agent in Latimer county and serving the summons on the station agent in Latimer county; and that the service is therefore not good. The return shows that the service was had upon the station agent in this county. Now I want to introduce some evidence."

The evidence introduced in the case discloses that the depot building and a part of the platform extending in front of the building and between it and the track are located in Le Flore county, Okla., and a part of the platform and the track are located in Latimer county, Okla.; or, in other words, the dividing line between the two counties is along the platform which lies between the depot building and the railroad track at the station of Bengal. The entire depot building is located within the county of Le Flore, and the agent resided upon the second floor of said building as his residence.

The lower court, after hearing the evidence, overruled the motion to quash, and it is contended here that this was error.

Section 4719, Rev. Laws 1910, provides that:

"If any railroad or stage company fail to designate or appoint such person, as provided and required in the preceding sections (and it is conceded that there was no agent appointed upon whom process might be served in Latimer county), such process may be served on any local superintendent of repairs, frieght agent, agent to sell tickets, or station keeper, of such company, in such county or such process may be served by leaving a copy thereof, certified by the officer to whom the same is directed to be a true copy, at any depot or station of such company in such county, with some person in charge thereof, or in the employ of such company, and such service shall be held and deemed complete and effectual."

We cannot subscribe to the theory that the location of the depot itself is the criterion by which we must determine whether a process has been served properly. In this case the service was had, not by leaving the same at the depot, but upon the agent of the company in the county of Latimer, and it is immaterial whether the depot building itself was located in the county where service was had, and if the agent of the company was engaged in the conduct and operation of the business, as such agent, it is immaterial whether the company had a depot building in said county or not. The company might have an agent and not have a depot, and where the depot, which must necessarily include the platform and grounds

connected therewith and used by the company for its business purposes, is located as in this case, we must hold that service upon the agent in either county is sufficient under the statute, and that the trial court committed no error in overruling a motion to quash.

Thereafter on October 13, 1916, an answer was filed in this action which consisted of a general denial, and said cause was tried and judgment rendered in favor of the defendant in error in the sum of $500.

The facts here disclose that the plaintiff below was the owner of a certain two-story frame business house at Bengal, Okla., and a stock of merchandise, furniture, and fixtures located therein, and that on the 16th day of October, about 1 o'clock a. m., this storeroom and furniture and fixtures were destroyed by fire, and it is the contention of the defendant in error that the plaintiff in error, while operating one of its trains through the town, permitted sparks to escape from the engine and set fire to said building, destroying the same and the stock of merchandise and furniture therein, which was situated about 50 feet west of the railroad track, and it is claimed as a result thereof that plaintiff below was damaged in the sum of $3,000, with interest at 6 per cent. from October 16, 1914, for which judgment is asked here.

This storeroom was built of frame. The front facing the depot was built of lapsiding both above and below the roof of the porch which extended along the front of the building. The sides were built of shiplap, and the roof on the south side was of corrugated iron, and the north side of rubberoid. This part of the storeroom was two stories high, and the English sparrows had built nests in the windows or front of the store, and at the rear of this two-story building there was a shed possibly 80 feet long which was built of frame and covered with shingles. This building was ascertained to be on fire a little after 1 o'clock on the night of October 16th, and from the evidence, if one can infer as to the origin of a fire, it must have started in the front part of the building; but the same was well advanced and roof almost falling in when the fire was ascertained.

The defendant in error contends, as stated, that a spark from an engine set it afire. This is denied by the plaintiffs in error, and the inference is made that it caught from the inside in some way to them unknown. Some evidence was introduced here to show that both before and after the date of this occurrence sparks from the engines that were being operated upon that railroad frequently set fire to inflammable material upon and along the right of way of the company, and some witnesses testified that they had seen the sparks blow as far as the building of the defendants in error.

The evidence establishes that there was very little wind on this night, and that there was a heavy dew, although it had been very dry before that time, and was then.

It is urged here by the plaintiff in error that the evidence in this case is insufficient to justify the submission of this cause to the jury, and that the verdict here is not sustained by the evidence.

In Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872, the court said:

"Under our statute (section 114. Rev. Laws 1910), the question of negligence does not enter into this case. The evidence is entirely circumstantial; but this would be sufficient if the same was strong enough to reasonably convince the jury that the fire originated from sparks emitted from the engine of defendant.

"But, as is said in Swenson v. Erlandson et al., 86 Minn. 263, 90 N. W. 534: 'The origin of the fire must be established by evidence reasonably certain and convincing to an unprejudiced and unbiased mind, and until there is some such evidence there can be no recovery. Circumstantial evidence is, of course, competent and proper. and often the only obtainable evidence in such cases; but, as such evidence consists in reasoning from facts which are known or proved to establish such as are conjectured to exist, the process is fatally vicious and defective if the circumstances from which we seek to deduce the conclusion depend also upon conjecture and speculation.' * * *

"In the case of Kansas City, Ft. S. & M. R. R. Co. v. B. F. Blaker & Co., 68 Kan. 244 [75 Pac. 71, 64 L. R. A. 81, 1 Ann. Cas. 883], * * * it was held: 'The fact that soon after the passing of an engine a fire starts near a railway track in an inclosed field, covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof excluding other possible origins."

"In the instant case the fire did not start near the railroad in a field covered with highly inflammable matter. or travel before a high wind from the track. Consequently, there is a lack of the necessary evidence sufficient, in our opinion, to show that our

holding in the instant case is not in conflict with the opinion in the Shannon Case, supra.

"In Southern Ry. Co. v. Collins, 179 Ala. 335, 60 South. 95, the first syllabus reads: 'A judgment by one who claimed that his barn had been fired by sparks emitted from a railroad company's engine cannot be supported upon proof of a mere possibility that the fire was caused in that manner.'

"To sustain the verdict in this case, it must be held that the jury, in the absence of evidence in regard thereto, could legally conjecture or assume necessary controlling facts to support their verdict, that live sparks could be and were carried from the engine to the barn—a distance of 230 feet— and that the wind was sufficiently high to so carry them. Such conjecture or assumption cannot possibly be indulged in by the jury." Moore v. Mo. Pac. Ry. Co., 28 Mo. App. 622.

See, also, 3 Cyc. 352; St. L. & S. F. Ry. Co. v. Model Laundry, 42 Okla. 501, 141 Pac. 970.

It is extremely difficult to imagine how the sparks from an engine could have set fire to the building of the defendant in error, when the proof here fails to disclose that there was any engine operated upon this road within a reasonable time either before or after this fire was discovered, and this building destroyed.

We have read carefully this entire record, and the same fails to show that any train passed through the town of Bengal within five hours before this fire was discovered, and, if the theory of the defendant in error be true that the building caught from the outside in the bird nests or upon the roof where there were holes in the rubberoid, it certainly would have been discovered before 1 o'clock if it had caught from the train which the evidence shows passed through between 7 and 8 o'clock.

We are therefore of the opinion that the evidence in this cause would not justify the court in submitting this case to the jury, and that the verdict is not sustained by the evidence, for no inference can be drawn from this evidence which upholds this verdict.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.