## HILL v. CHICAGO, R. I. & P. RY. CO.

No. 13602—Opinion Filed March 18, 1924.

**1. Railroads—Fires from Locomotives—Instructions.**

Instructions complained of examined in connection with all the instructions given by the court, and in the light of the record, and held, that they are correct declarations of the law applicable to the case presented.

**2. Appeal and Error—Necessity for Briefing Assignments.**

Assignments of error not presented and argued in brief of plaintiff in error will be held to be waived.

**3. Judgment Sustained.**

Record examined, and held, that the judgment of the trial court should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Caddo County; Will Linn, Judge.

Action by Dave Hill against the Chicago, Rock Island & Pacific Railway Company, a corporation, for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

Bond, Melton & Melton, for plaintiff in error.

C. O. Blake, W. R. Bleakmore, A. T. Boys, and W. F. Collins, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, Dave Hill, will be referred to in this opinion as plaintiff, and the defendant in error, Chicago, Rock Island & Pacific Railway Company, will be referred to as defendant, as they appeared in the trial court.

This was an action instituted in the district court of Caddo county by Dave Hill, against the Chicago, Rock Island & Pacific Railway Company, for damages alleged to have been sustained by plaintiff on account of sparks from an engine operated on the defendant's line of railway, setting fire to a barn located near the right of way of said railway and belonging to the plaintiff, and totally destroying said barn and its contents.

The cause was tried to a jury on February 15, 1922, upon the petition of plaintiff and the general denial of the defendant, resulting in a verdict and judgment for the defendant. From an order overruling his motion for a new trial the plaintiff appeals to this court.

The only assignment of error argued in the brief of plaintiff is that the court erred in giving to the jury instructions number three and four. Said instructions are as follows:

"3. You are instructed, gentlemen of the jury, that while in this case the plaintiff must prove his case by a preponderance of the evidence, still the proof need not be the direct evidence of persons who saw the engine emit sparks of fire therefrom and set the barn on fire, but such facts may be proved by circumstantial evidence, that is, by proof of circumstances if any, such as give rise to a reasonable inference in the minds of the jury of the truth of the facts alleged and sought to be proved; provided such circumstances, together with all the evidence in the case constitute in your mind a preponderance of the evidence. In other words, gentlemen, in determining what facts are true in the case, you should carefully consider all the evidence before you with all the circumstances of the fire in question as detailed by the witnesses, and you may find any fact to be proved which you may believe to be rightfully and reasonably inferred from the evidence given in the case, although there may be no direct evidence or testimony as to such fact."

"4. You are further instructed, gentlemen, before you are authorized to find a verdict for the plaintiff in this cause, you must believe from a preponderance of the evidence that a spark or fire from the engine of the defendant set fire to and burned the property of the plaintiff, and your verdict, if for the plaintiff, must be based upon testimony reasonably supporting it, and not upon conjecture; or in other words, a verdict cannot be supported on proof of the mere possibility that the fire was caused by sparks or fire emitted from the engine of the defendant."

The plaintiff, in his brief, admits that instruction number three, standing alone, is not fatally defective, but insists that the same, when coupled with instruction number four, constitutes reversible error. The argument of the plaintiff is directed against instruction number four, and we will now consider said instruction in the light of the record, in order that it may be determined whether or not there was error in the giving of the same to the jury.

The plaintiff complains that the instruction submits a question of law to the jury by leaving to the jury the question of determining, as a matter of law, whether or not there is any evidence in the case which would reasonably tend to support the verdict for plaintiff. With this contention we cannot agree. While the statement in the instruction to the effect that a verdict for plaintiff must be reasonably supported by

competent evidence might be superfluous and unnecessary, yet we are constrained to think that it could result in no prejudice to the plaintiff. Any reasonable, thinking man should know that in any action a verdict for either party should be at least reasonably supported by the evidence. If this were not the case, then the jury would be at liberty to entirely disregard evidence, and render a verdict entirely unsupported by evidence and upon conjecture. In this connection it might be observed that the plaintiff falls into the error of considering the statement, "and your verdict, if for the plaintiff, must be based upon testimony reasonably supporting it," alone and not in connection with the remaining portion of said instruction. If it could be said that the above quoted portion of the instruction, standing alone, was an erroneous statement to the jury, such error was cured by the phrase immediately following, which is as follows:

"Or, in other words, a verdict cannot be supported on proof of the mere possibility that the fire was caused by sparks or fire emitted from the engine. * * *"

The last quotation is a qualification of the statement immediately preceding it, and is, we think, a correct statement of the law. The words used are almost identical with the language used by this court in Midland Valley R. Co. v. Rupe, 87 Okla. 286, 210 Pac. 1038, where it is said:

"A judgment must be based upon evidence reasonably tending to support the same, and not upon conjecture, and such judgment founded upon proof of a mere possibility will not be permitted to stand."

The plaintiff contends, however, that this is the language of the appellate court after an analysis of the evidence, and was not an instruction given to the jury in the trial court. But, has not the jury the right to know the standard by which their verdict is to be gauged, in order to assist them in arriving at a correct one? The instructions of the trial court are statements of the law governing the particular case. One principle of law in this state with reference to the verdicts of juries is that they will not be permitted to stand unless founded upon competent evidence reasonably tending to support them; and that they will not be upheld if based upon "proof of a mere possibility," and we think no one could be prejudiced by the court acquainting the jury with the fact that such is the law.

In Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872, it is said:

"An action to recover damages for the burn-

ing of a barn by sparks emitted from an engine of a railway company cannot be supported upon proof of the mere possibility that the fire was caused in that manner."

This court has held on numerous occasions that a verdict based upon conjecture or the proof of a mere possibility cannot stand. This rule of law was what the court announced to the jury in his instructions, in language almost identical with that used by the court in announcing the rule.

After a careful examination of the instruction we are of the opinion that it correctly stated the law to the jury, and that the giving of it was not error.

The plaintiff, not having argued the other assignments of error in his brief, will be deemed to have waived the same.

Finding no error in the giving of the instructions complained of, we recommend that the judgment of the trial court be affirmed.

By the Court : It is so ordered.