(No. 5354.   March 31, 1930.)

MARTIN   J.   MACAW,   Respondent,   v.   OREGON   SHORT
    LINE   RAILROAD   COMPANY,   a   Corporation,   Appel-
    lant.

[286 Pac. 606.]

George H. Smith, H. B. Thompson and L. H. Anderson, for Appellant.

Porter & Taylor, for Respondent.

BUDGE, J.—Action to recover damages for negligent operation of defendant's locomotive from which sparks were alleged to have been thrown setting fire to weeds and rubbish on right of way which burned through to plaintiff's land, damaging his trees and crop of rye. On trial of the cause to court and jury a verdict was returned in favor of plaintiff. Defendant appeals from the judgment entered on the verdict and order denying motion for new trial.

Approximately 100 feet south of the border line of plaintiff's property in Filer are defendant's tracks on its right of way, running east and west. Defendant's depot in Filer is a few hundred feet west of a highway intersecting its tracks and bordering plaintiff's property on the west. Plaintiff testified that on August 10, 1927, about 8 o'clock in the evening, he saw one of defendant's locomotives make a flying switch east of the highway crossing, emitting sparks. It was not dark at the time. Plaintiff said there were dry weeds on the right of way. Between 10 and 11 o'clock the morning after, August 11, 1927, some fifteen hours after the train had passed, a fire occurred adjacent to defendant's right of way injuring 32 trees in plaintiff's orchard. Neither plaintiff nor any of his witnesses saw the fire start and did not know what caused it. At the time the fire was first observed it was not on the right of way.

Defendant's evidence showed one of its freight trains pulled into Filer about 6:30 P. M. August 10th and left about 8 o'clock; after cutting out a number of cars. The locomotive was stopped about opposite the depot, west of plaintiff's property. The locomotive was shut off as it approached Filer, there being a down grade, and the steam was not working. A screen was over the smokestack, in good condition. The right of way had been cleaned in June or July, and about ten days before the fire the weeds had been burned.

The principal question to be considered is whether the evidence as a whole is of sufficient probative force to be submitted to the jury, and to justify a finding for plaintiff, under the issues drawn by the pleadings. The gist of respondent's cause of action as set forth in his complaint was the following:

"That the defendant so carelessly and negligently ran, managed and operated said locomotive that sparks of fire were thrown from said locomotive and fell upon said weeds and rubbish upon the north side of said right of way and set fire to the same; and that the fire so started burned its way through said weeds to plaintiff's land and set fire to the rye growing in plaintiff's orchard. That the heat of the said fire killed 32 fruit-trees in plaintiff's orchard, whereby the plaintiff was damaged. . . . "

In order for plaintiff to maintain his cause of action it was necessary for him to establish by competent, substantial evidence, direct or circumstantial, that the fire emanated from sparks thrown from defendant's locomotive and was communicated to plaintiff's property. No presumption of negligence would arise from the mere fact that defendant's train passed near the place at which a fire later occurred. (*Thorgrimson v. Northern Pac. Ry. Co.,* 64 Wash. 500, 117 Pac. 406, 407.) Proof that the fire was set from sparks thrown by defendant's locomotive and communicated to plaintiff's property, resulting in damage or destruction, would serve to establish a *prima facie* case and raise a presumption of negligence, casting the burden of proof upon appellant to rebut the same. (*Osborn v. Oregon R. R. etc. Co.,* 15 Ida. 478, 483, 16 Ann. Cas. 879, 98 Pac. 627, 19 L. R. A., N. S., 742; *Fodey v. Northern Pac. Ry. Co.,* 21 Ida. 713, 123 Pac. 835.)

Finding that the origin of the fire was from sparks thrown by defendant's locomotive must rest upon something more than surmise, conjecture or speculation. The evidence is not sufficient if it establishes no more than that the fire might so have been set. (33 Cyc. 1367; *Clark v. Grand Trunk Western Ry. Co.,* 149 Mich. 400, 12 Ann. Cas.

559, 112 N. W. 1121; *Swenson v. Erlandson*, 86 Minn. 263, 90 N. W. 534; *Russell v. Boston & M. R. R.*, (N. H.) 141 Atl. 227; *Midland Valley R. Co. v. Rupe*, 87 Okl. 286, 210 Pac. 1038; *St. Louis & S. F. R. Co. v. Mobley*, 70 Okl. 297, 174 Pac. 510; *Allen v. Maine Cent. R. Co.*, 112 Me. 480, 92 Atl. 615; *Chesapeake & O. Ry. Co. v. Crider*, 199 Ky. 60, 250 S. W. 499; *Charlotte Harbor & N. Ry. Co. v. Orchard*, 73 Fla. 986, 75 So. 533; *Little v. St. L. & S. F. R. Co.*, (Mo. App.) 297 S. W. 980; *Farmers' Elevator & Grain Co. v. Hines*, 294 Mo. 639, 243 S. W. 140; *Moore v. Missouri Pac. Ry. Co.*, 28 Mo. App. 622.) In many of these cases the facts show fires to have started within one hour in some instances and not more than five in several others, after the passing of locomotives in relatively close proximity to the property burned. We do not pause to analyze the evidence in such cases, but an examination of the same as set out in the opinions is not convincing that the evidence in the case at bar is stronger than there rejected as insufficient upon which to predicate a finding of negligence or reasonable inference that sparks from the locomotive caused the fires. A much cited case on this question is *Finkelston v. Chicago, Milwaukee & St. Paul Ry. Co.*, 94 Wis. 270, 68 N. W. 1005, wherein the following language is used:

"Obviously, it is no objection that the origin of the fire was not established by direct evidence; but there must be some limit beyond which the main fact cannot be found from inference, else parties in circumstances like the defendant was may be held liable for all fires, occurring in the vicinity of their tracks, that can, by any possibility, be attributed to their conduct, unless they are able to prove that the fires were not so caused. Such a rule would subject railroad companies to such penalties as to seriously and unjustly cripple a business essential to the public welfare. The origin of a fire under such circumstances must be established so as to produce conviction, to a reasonable certainty, on an unprejudiced mind, the same as any other fact; and, until there is evidence to so establish it, the defendant is

not called upon to prove that the fire was not caused as alleged.''

When the facts in the record before us are tested by the rules applied in cases of this nature, they appear to be essentially lacking in the reasonable certainty necessary to charge defendant with liability for the damage alleged. Plaintiff testified he did not know what caused the fire, but it was his theory that sparks were thrown from appellant's locomotive into a quantity of inflammable material on the right of way, a pile of rubbish overgrown with dry weeds. He admitted sparks falling from the smokestack into the dry weeds would be. apt to cause a fire to flare up, but he did not see any fire the night the train passed, and it was not seen by anyone until the morning after. It must be surmised sparks were thrown on and would lie in the dry weeds and rubbish for a fifteen-hour period before causing a blaze. Plaintiff did not know that sparks did fall on the rubbish; stating "they could fall on there, but I don't know.''

Proof of a bare possibility that an injury may be due to a given cause does not justify a finding that it was so caused. The evidence must furnish some logical basis for a finding that the result was probably due to the alleged cause. At best, we think it can only be said there was a possibility that the fire which caused the damage to plaintiff's property originated from defendant's engine. The fact of the fire fifteen hours after defendant's train had passed carrying with it no presumption of negligence, it is not sufficient to show defendant may have been guilty of negligence—the evidence must point to the fact that it was. Where the testimony leaves the matter uncertain, it is not for the jury to speculate or guess that the negligence of the defendant was the cause, when there is no satisfactory foundation in the testimony for that conclusion. As quoted favorably by this court in *Holt v. Spokane etc. Ry. Co.*, 4 Ida. 443, 40 Pac. 56:

"Every party to an action at law has a right to insist upon a verdict or finding based upon the law and the evi-

dence in the case, and not, in the absence of the evidence, upon mere inference, conjecture or personal experience.''

In our opinion plaintiff failed to sustain the burden of proof as to the allegations of his complaint necessary to entitle him to a recovery, and the trial court should have granted the motion for a directed verdict. The judgment is therefore reversed; costs to appellant.

Lee, Varian and McNaughton, JJ., concur.

Givens, C. J., dissents.

Petition for rehearing denied.