[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 341 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 343 
There are two exceptions in the case; the principal one being to a denial of a motion for a nonsuit. The defendants contended that there was not sufficient evidence to carry the case to the jury, upon the question whether they negligently caused the fire which destroyed the plaintiffs property. The judge differed with them as to the force and strength of the evidence, and declined to nonsuit. Was this error?
It it not now pretended that the evidence to establish the origin or cause of the fire was too weak and inconclusive for the consideration of the jury. No point is made that it is defective in this respect. Indeed, the evidence rendered it not only probable, but reasonably certain, that the injury occurred from fire scattered by the defendants' locomotive engines. The burning occurred in the night time. The property was remote from building and fire. At sundown of the *Page 345 
previous afternoon there was no fire in the field where the wood was piled. The defendants' railroad adjoined the plaintiff's land, and the wood was some twenty-five rods from the track. A great many of the defendants' engines were being run back and forth over the road at the time; from 5 o'clock to 9 o'clock in the evening, four or five of them passing the plaintiff's farm. Habitually, their engines scattered fire upon their road about the time and near the place where the fire complained of occurred. Four or five of their engines were without any screens on the fire boxes or pans to retain the fire. On the night of the fire, the wind was from the southwest, and the direction of the wood pile was northeast. At 8 o'clock an express train passed, and at half-past 9 o'clock a freight train with passenger cars attached. As the latter train passed, fire was observed within the bounds of the railroad, and just over the road fence. It was burning in a northeast direction, and making its way to the wood pile, which was in full view from the train. The attention of the conductor of the train was called to it. Later in the evening, the attention of the plaintiff and some of his neighbors were attracted to the fire. It had then reached the wood, and before it could be stayed destroyed over one hundred and forty-three cords of it. The course of the fire was traceable directly back, along the soil and stumps, from the burnt wood to coals found on the railroad track. Thus, although the proof was not direct that the fire which caused the injury was communicated from the furnace of one of the defendants' engines, the circumstances tended strongly to that conclusion.
But the defendants now insist that although they may have caused the injury, the nonsuit should have been granted for the reason that no case of negligence on their part was made out. If I understand their position correctly, it is, that in this class of cases it is incumbent upon the party injured, if he would make a prima facie case, to show affirmatively that there was something improper in the construction of the defendants' engines, or that they were not in order, or were insufficiently or improperly managed. This is not the rule. Undoubtedly, the burden of proving that *Page 346 
the injury complained of was caused by the defendants' negligence was upon the plaintiff. To show negligence, however, it was not necessary that he should have proved affirmatively that there was something unsuitable or improper in the construction or condition or management of the engine that scattered the fire communicated to his premises. It often occurs, as in this case, that the same evidence which proves the injury shows such attending circumstances as to raise a presumption of the offending party's negligence, so as to cast on him the burden of disproving it. Then the injury was caused by dropping from the defendants' engines coals of fire. The fact that the sparks or coals were scattered at all upon their roadway in such quantities as to endanger property on abutting premises, raised an inference of some weight that the engines were improperly constructed or managed. But this was not all. It was conceded and proved that if the engine is properly constructed, and in order, no fire of any amount will escape to be distributed along the track. It was shown that four or five of the defendants' engines that passed the plaintiff's farm, were defective in the apparatus to avoid scattering of fire, and although the others were fitted with the necessary improvements to retain it, and in this respect there was no want of care on the part of the company, yet that constant oversight was required, and if they scattered fire, it was because they were out of order. It was legitimately to be inferred from these facts, that the scattering of coals of fire from the defendants' engines which were found upon their track, and which produced the injury, was the result either of defectiveness in the machinery, or neglect in repairing it. There was enough, therefore, in the evidence to justify a submission of the question to the jury, whether the injury complained of was caused by the negligent conduct of the defendants.
The remaining exception was to the reception of testimony, that coals of fire had been frequently found on defendants' track, or been seen to have dropped from their engines in passing the plaintiff's farm, on other occasions than that of the fire complained of. The competency of this species of proof was *Page 347 
settled in the case of Sheldon v. The Hudson River RailroadCo. (4 Kernan, 218). It was said in that case, in the leading opinion, the evidence "had a bearing upon both branches of the case which the plaintiff undertook to establish. It not only rendered it probable that the fire was communicated from the furnace of one of the defendants' engines, but it raised an inference of some weight, that there was something unsuitable and improper in the construction of the engine which caused the fire." At all events, it showed a practice on the part of the company, which would have endangered the plaintiff's property, was indulged in about the time, and near the place where his wood was burned, rendering it probable to a certain degree, that the injury was attributable to that cause. In the light of the decision referred to, and under the peculiar circumstances of this case, we cannot say that the evidence was too remote and indefinite to have any just influence upon the particular question in issue.
The judgment of the Supreme Court should be affirmed.