Fithian, J.
In this case, I think the learned justice at the trial erred in' dismissing the complaint and withholding the case from the jury. In making alterations and repairs upon their building, the defendants were required to take all proper and needful care and precaution to prevent passers-by, on the sidewalk in front, from being injured by any object falling from defendants’ premises. If, with ordinary care and precaution, defendants could not prevent objects falling, it was their duty then to barricade the sidewalk and prevent persons passing in dangerous proximity. If the board or plank which struck plaintiff did in fact fall from the defendants’ premises, I am of opinion that, within the principle of the decisions cited by plaintiff’s counsel, such fact established, 'prima facie, a want of that proper and needful care which the defendants, for themselves and servants, were bound to take and observe in the premises (Lynch v. Burdin, 41 En. G. L. R., 422 Johnson v. Hudson R. R.R., 20 N. Y. R., 65 ; Hines v. Barton, 25 N. Y. R., 544; Field v. N. Y. Central R.R. Co., 32 N. Y., 339 ; Wolfkiel v. Sixth avenue R.R. Co., 38 N. Y. R., 49; Pigott v. Eastern Co. Ry. Co., 3 Maning G. & Scott, 229; Ellis v. Portsmouth and Roanoke R.R. Co., 2 Iredell, 138). That verdicts of juries are sustained, which are founded upon facts established by inference from other facts and circumstances proved, is the constant' experience of the courts. In this case, I think the jury would have been justified, and their verdict not against evidence, had they found (if permitted) that the plank causing the injury to plaintiff fell from *543 the premises of defendants. And such finding would be sufficient, within the above-cited authorities, prima facie, to charge the defendants with negligence.
In the case of Norris v. Kohler, recently decided by this court, there was seemingly less evidence to charge the defendant with negligence than in the case under consideration. In that case the plaintiff was injured in the street by a horse running and having attached a wagon used for vending pies. The proof was that, immediately preceding the injury, the horse and wagon were in the custody of two young men (not parties to the suit), and being used for distributing bakers’ supplies about the city. The horse and wagon was stopped in front of the building of a dealer in such articles. One of the men in charge of the vehicle stepped inside; and in a minute after, the horse, with wagon attached and unattended, was seen running furiously along the street, one of the men before in charge following after. There was proof that the horse and wagon belonged to the defendant; but there was no proof that the men in charge, or either of them, were the servants of or in the employ of the defendant, or that the property was engaged in any business of the defendant. The plaintiff was nonsuited at the trial, on the ground that the proof failed to charge defendant with negligence in the premises. That decision was affirmed by the General Term of this Court. An appeal was taken to the Court of Appeals, and there the decision of this court was reversed and a new trial ordered. I have not seen the opinion in that case (if any was delivered), but 1 infer the Court of Appeals must have adopted the principle that, where an injury is caused by the negligence of some' person unknown, and such injury is inflicted through thé instrumentality of property owned by a defendant, such ownership alone is sufficient, prima facie, to charge such owner yith negligence in the premises. This is going much farther than is necessary to sustain a verdict for the plaintiff in the case at bar.
The order dismissing the complaint should be reversed, defendants’ motion for judgment denied, and a new trial ordered, costs to abide the event.