## St. Louis & S. F. R. Co. v. Shannon.

### No. 462.    Opinion Filed March 8, 1910.

#### (108 Pac. 401.)

1. **RAILROADS—Fires Set by Locomotives—Evidence.** In an action against a railroad company to recover damages on account of fire caused by sparks from one of its locomotives, evidence of the setting of other fires by other locomotives is competent where it is made to appear that they were practically identical in construction to the one supposed to have set the fire.

2. **SAME—Circumstantial Evidence.** The fact that a fire, which destroyed property, originated from the sparks of a passing locomotive, may be shown by circumstantial evidence.

3. **NEW TRIAL—Verdict Contrary to Evidence—Sufficiency of Evidence.** A barn situated about 100 feet north of a railroad track was destroyed by fire, which caught at an opening in hay with which it was filled. An engine, running heavy and throwing sparks or cinders toward the barn, passed just prior to the time of the discovery, and no other cause for the fire is suggested than that it was set from this engine. Fires from sparks from this or other similar engines running on the same track had set fire to grass immediately around the barn on previous recent occasions. **Held,** that an order overruling a motion for new trial, for that the evidence did not reasonably sustain a verdict against the company, was not error.

(Syllabus by the Court.)

*Error from District Court, Bryan County; D. A. Richardson, Judge.*

Action by O. L. Shannon against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*R. A. Kleinschmidt* and *R. M. Campbell,* for plaintiff in error. —Citing: *Erie Railway Co. v. Decker,* 78 Penn. St. 293; *Albert v. Railway Co.,* 98 Penn. St. 316; *Jacksonville, etc., Ry. Co. v. Peninsular, etc., Co.* (Fla.) 9 So. 661; *M., K. & T. Ry. Co. v. Wilder* (Ind. Ter.) 53 S. W. 490; *Inman v. Elberton Air Line R. Co.* (Ga.) 16 S. E. 958; *St. L. & S. F. R. Co. v. Jones* (Ark.) 26 S.

W. 595; *Gibbons v. Wis. Valley R. Co.* (Wis.) 17 N. W. 132; Elliott on Railroads (2d Ed.) vol. 3, sec. 1243.

*Hatchett & Ferguson,* for defendant in error.—Citing: *Grand Trunk Ry. Co. v. Richardson,* 91 U. S. 454; *T. & P. R. Co. v. Watson,* 190 U. S. 286; *Campbell v. Mo. Pac. Ry. Co.* (Mo.) 42 Am. St. Rep. 530; *Matthews v. Mo. Pac. Ry. Co.* (Mo.) 44 S. W. 802; *Dunning v. Maine, Cent. Ry. Co.,* 91 Me. 87; *Sheldon v. Hudson River R. Co.,* 14 N. Y. 218; *St. Joseph, etc., R. Co. v. Chase,* 11 Kan. 46; *Sprague v. Ry. Co.* (Kan.) 78 Pac. 828; *Henderson v. Ry. Co.,* 144 Penn. St. 461; *Noland v. Ry. Co.* (Wash.) 71 Pac. 1008; *St. L. & S. F. R. Co. v. Lawrence* (Ind. T.) 76 S. W. 254; *L. & N. R. Co. v. Fort,* 112 Tenn. 432; *L. & N. R. Co. v. Short,* 110 Tenn. 713; *Kansas City, etc., R. Co. v. Perry* (Kan.) 70 Pac. 876.

DUNN, C. J.    March 24, 1908, defendant in error, as plaintiff, filed his action against plaintiff in error, as defendant, in the district court of Bryan county, Okla., wherein he sought to recover damages occasioned by the destruction of his  barn by fire, which he alleges was set by a locomotive engine running and operated by defendant upon its railroad. A trial was had to a jury, which resulted in a verdict for the plaintiff, on which judgment was entered, and the case has been brought to this court for review.

Two propositions are presented by counsel for plaintiff in error for our consideration: First, that the court erred in permitting defendant in error to introduce evidence showing that other engines of plaintiff in error, prior to the time of the fire in question, were seen to emit sparks and cinders and to set out fires in the vicinity where this fire occurred. Second, that the evidence introduced was not sufficient to sustain the verdict and the judgment. Counsel place most stress upon their first proposition in view of the fact, as is contended, that the engine which was supposed to have set out the fire was identified and known. Counsel for both parties have briefed this question extensively, and an investigation of it discloses that there is much conflict in the authorities. A most exhaustive and satisfactory note on this

proposition is appended to the case of *Florida East Coast Ry. Co.
v. Welch* (53 Fla. 145, 44 South. 250) 12 Am. & Eng. Ann. Cas.
210. Herein are collated the authorities from every jurisdiction
in the United States, and, without a review thereof, we will say
that it would seem that the weight of authority is to the effect that,
where the engine which is alleged to have set out the fire is iden-
tified, then evidence of other fires by other engines and at other
times is inadmissible. This states the general rule on the prop-
osition, yet there are exceptions to it within which in our judg-
ment the facts disclosed by this record cause this case to fall, and
which relieve us of passing on it. The rule fixed by the excep-
tions seems to be that where the defense relied upon by the com-
pany is that the point at which the fire is set is beyond the limit
locomotives of the company throw cinders or fire, or where it is
established that the engines of the company are all practically iden-
tical in their construction and operation, then it is permissible,
independent of the identification of the engine which it is asserted
actually set the fire, to show that other fires, not too remote in
point of time, have been set by other engines of the company.
*Dunning v. Maine Central R. R. Co.,* 91 Me. 87, 39 Atl. 352, 64
Am. St. Rep. 208: *Big River Lead Co. v. St. Louis. Iron Mountain
& So. R. R. Co.,* 123 Mo. App. 394, 101 S. W. 636; *Campbell v.
Missouri Pacific R. Co.,* 121 Mo. 340, 25 S. W. 936, 25 L. R. A.
175, 42 Am. St. Rep. 530; *Matthews v. Missouri Pacific R. Co.,*
142 Mo. 645, 44 S. W. 802; *Black v. Minneapolis & St. L. R. Co.,*
122 Iowa, 32, 96 N. W. 984; *Chesapeake & O. R. Co. v. Richardson*
(Ky.) 99 S. W. 642; *Louisville & Nashville R. Co. v. Short,* 110
Tenn. 713, 77 S. W. 936; *Louisville & Nashville R. Co. v. Fort,*
112 Tenn. 432, 80 S. W. 429; *Sheldon v. Hudson River R. R. Co.*
14 N. Y. 218, 67 Am. Dec. 155.

Witnesses for the defendant testify that engine No. 601, which
was switching in the yards at the time of the fire, had been in-
spected shortly prior to that time, and that it was in good con-
dition; that the fire-netting was perfect, and the netting to pre-
vent the emission of sparks was the standard size without holes

or defects; that this inspection was made both the day before the fire and also the day afterward; that the mesh made by the spark arrester was 3 to the inch; and that the sparks or cinders traveled a distance of 13 to 14 feet diagonally before they turned up to leave the smokestack. The engineer testified that he had never seen fire set to a house or anything except the right of way, and another witness, testified that the defendant company ·keeps its engines up to the very highest standard; that the other engines were subjected to the same inspection and kept up to the same high standard as nearly as could be, as engine No. 601, and that it was no better than any of the rest.

In the case of *Dunning v. Maine Central Railroad Co., supra,* the counsel for plaintiff contended that the locomotive which drew the Dover & Dexter train was the one which set the fire. Evidence was offered showing that other engines of the defendant corporation had set fires in that vicinity and had emitted sparks and cinders. On the admissibility of this evidence the Supreme Judicial Court of Maine said:

"That other engines of the same company, under the same general management, passing over the same track at the same grade, at about the same time, and surrounded by the same physical conditions, have scattered sparks or dropped coals so as to cause fires, appeals legitimately to the mind as showing that it was possible for the engine in question to do likewise. Such testimony is illustrative of the character of the locomotive, as such, with respect to the emission of sparks or the dropping of coals."

The same question was raised in the case of *Big River Lead Company v. St. Louis, Iron Mountain & Southern R. R. Co., supra,* and in discussing its admissibility the St. Louis Court of Appeals said:

"The reason for admitting such evidence was stated in *Sheldon v. Railroad,* 14 N. Y. 223 [67 Am. Dec. 155]. * * * The reason is that there is usually a uniformity of plan and construction in locomotives used by a railway company, so that, if some of them emit cinders, presumably the others do. If they differ in construction, and some are less likely to throw out fire than others the company can prove these facts."

And the Supreme court of the state of Missouri has gone to yet a further extreme on this same proposition in its holding in the case of *Matthews v. Missouri Pacific Railway Company, supra,* wherein it is said:

"In a suit under section 2615, Rev. St. 1889, against a railroad for destroying a barn by fire, a witness was permitted to testify to having seen, subsequently to the fire, a spark from an engine strike the center pole of a tent which had been erected on the site of the barn. It was not shown that the engine was of the same kind or in the same condition as the one from which it was alleged the fire originated, nor that the condition of the weather nor the direction of the wind was the same. Held, that the evidence was competent as tending to prove the possibility, and consequent probability, that the fire was communicated to the barn by one of the railroad's engines."

The Supreme Court of Iowa, in the case of *Black v. Minneapolis & St. Louis R. R. Co.,* 122 Iowa, 32, 96 N. W. 984, said, with reference to testimony relating to other engines than the one which was supposed to have emitted the sparks which set out the fire, that, "as there was evidence that all the engines were in substantially the same condition, this testimony was admissible."

To the same effect is the holding of the Court of Appeals of Kentucky in the case of *Chesapeake & Ohio Railroad Co. v. Richardson, supra,* wherein evidence was admitted of fire and cinders being thrown out by other engines than the one which was charged with having set the fire in that case; the court saying:

"It is settled that as the engines are all under one management, and the same kind of screens are used in all, proof is admissible of cinders thrown out by other engines, or fires set by them about the same time."

The Supreme Court of Tennessee, in the case of *Louisville & Nashville Railroad Co. v. Short, supra,* held on this question that:

"In an action against a railroad for fire caused by sparks from one of defendant's locomotives, evidence of the setting of other fires by other locomotives is competent; it appearing that the other locomotives were of similar construction to the one in question."

On the second proposition urged by counsel for defendant, we are asked to reverse the case for want of sufficient evidence to sustain the verdict. The testimony of the train operators, especially the engineer, was to the effect that, at the time of the arrival of the engine in the vicinity of the barn, the grass in the immediate neighborhood was burning. Witnesses on the part of plaintiff, however, testified that the train was switching in the neighborhood of the barn before the fire was discovered, and there is a total absence of any evidence upon which to found a conjecture that the fire was due to any other cause than the one claimed. The barn was filled with baled hay, with an opening in the east side, and was located less than 100 feet north of the railroad track. A wind was blowing toward it. An engine of the company, running heavy and throwing cinders, passed it prior to the time when the fire was discovered. The fire caught in this hay. Other fires at other times had been set in the grass which surrounded this barn by sparks from other engines, if not from this one, of the company. With these facts before the jury, we are not able to reverse the case on account of a want of evidence reasonably tending to sustain the verdict.

The Supreme Court of Kansas, in the case of *Kansas City, Ft. S. & M. R. R. Co. v. B. F. Blaker & Co.,* 68 Kan. 244, 75 Pac. 71 64 L. R. A. 81, 1 Am. & Eng. Ann. Cas. 883, discussing the same question in that case as is before us in this one, said:

"It is contended that the evidence of negligence of the railroad company in setting out the fire was insufficient, and that some of that received was incompetent. It was mainly circumstantial, but we deem it to have been sufficient to support the verdict. A heavy freight train passed the buildings destroyed shortly before the fire was discovered. It was running rapidly, working steam, and leaving a trail of smoke behind it. Within a few minutes after it passed, persons in the neighborhood saw a patch of fire on the roof of the elevator. No fire was kept in the elevator at the time. It had been locked up for two weeks before the fire occurred. The wind was blowing from the railroad track toward the elevator. As far as the testimony goes, no one saw sparks proceeding from the engine and lighting on the building, but there was nothing in

the testimony to show that the fire could have arisen from any other source, and the facts recited, in the absence of proof of any other cause tend to show that the fire was caused by the sparks from the engine, and whether the fire so originated was a proper question for the jury. The effect of circumstantial evidence of this character was before the court in the recent case of *Kansas City, etc., R. Co. v. Perry,* 65 Kan. 792, 70 Pac. 876. After a full consideration and a review of the authorities, it was there held: "The fact that soon after the passing of an engine a fire starts near a railway track in an inclosed field, covered at the time with a growth of highly inflammable vegetation, and travels before a high wind in a direction away from the track, is sufficient to warrant a jury in finding that the fire was caused by the operation of the railroad, without its appearing that the engine emitted sparks or live cinders or was put to special exertion, and without further proof, excluding other possible origins.' "

We have carefully read the record made at the trial, as well as counsels' briefs, and, from a consideration of the whole matter, we are unable to come to the conclusion that error was committed, and the judgment is accordingly affirmed.

All the Justices concur.