## WICHITA FALLS & N. W. RY. CO. v. GANT.

No. 6048.  Opinion Filed March 28, 1916.

(156 Pac. 672.)

1.  **RAILROADS—Operation—Fires—Evidence.** The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence.

2.  **APPEAL AND ERROR—Review—Harmless Error—Instructions.** In a suit for damages, where the amount recovered is not excessive and it is plainly evident that the jury was not misled by the instructions of the court, an error in the instructions on the measure of damages is harmless.

3.  **DAMAGES—Measure—Destruction of Property.** The measure of damages for the destruction of property is the reasonable market value of the same at the time it was destroyed; but, if it has no market value, then its value in view of the use to which it was to be put may be recovered.

(Syllabus by Hooker, C.)

*Error from County Court, Jackson County;*
*J. M. Williams, Judge.*

Action by J. T. Gant against the Wichita Falls & Northwestern Railway Company.  Judgment for plaintiff, and defendant brings error.  Affirmed.

*Robinson & Hamilton,* for plaintiff in error.

*M. L. Hankins,* for defendant in error.

Opinion by HOOKER, C.  Defendant in error sued to recover damages caused by the destruction of 30 acres of pasture and fence posts and injury to the grass sod, which it is alleged were destroyed by fire through the negligence of the railway company in allowing sparks to emit from its locomotive. The damage claimed was $60 for injury to the grass, $1.50 for fence posts, and $30 for injury to the sod.  Judgment was rendered against the

plaintiff in error in the lower court for $61.50. It is insisted here that this cause should be reversed for two reasons: (1) That the verdict is not sustained by sufficient evidence; (2) error of the court in giving instruction No. 3.

While it is true that the evidence is entirely circumstantial, yet this court, in the case of *St. L. & S. F. R. Co. v. Shannon*, 25 Okla. 754, 108 Pac. 401, 21 Ann. Cas. 1209, and in the case of *Wichita Falls & Northwestern Railway Company v. Arnold, ante*, p. 352, 156 Pac. 296, adheres to the rule that the fact "that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstancial evidence." We cannot say from the testimony before us that the finding of the jury and the judgment of the lower court approving the same are not sustained by the evidence herein.

On the second assignment of error we desire to cite Thompson on Negligenee, sec. 7237:

"The measure of damages for the destruction of grass and sod by fire is the value of the grass destroyed together with the difference in the value of the land immediately before and after the fire. The measure of damage for the grass is the reasonable market value of the grass at the time it was destroyed, *and, if it had no market price, then its value in view of the use to which it was to be put.*" See *Galveston Ry. Co. v. Chittin*, 31 Tex. Civ. App. 40, 71 S. W. 294, *Kyle v. Railroad Co.*, 49 W. Va. 296, 38 S. E. 489, and authorities cited at the section above given.

Also 33 Cyc. p. 1391:

"Where the property burned has no market value, or the market value is inadequate, the proper measure of damages is its reasonable value at the time and place of destruction to the use for which the owners were putting it or might have put it." See note 15 on this page.

It is not contended in this case that the damage is excessive, and while certain elements of damage' sought to be recovered by the defendant in error may be improper, yet, under the rule announced by this court in the case of *Planters' Cotton & Ginning Co. v. Penny*, 53 Okla. 136, 155 Pac. 516, which is as follows:

"Where the jury has been by the instructions permitted to consider an element not sustained by the evidence, the error should be treated as harmless, where, from an inspection of the evidence and the verdict, it is reasonably certain that the jury was not misled, and that it allowed nothing on account of the element improperly submitted to it,"—the same is harmless.

We think this case discloses the state of facts within the rule. See authorities cited in the last-named case.

We therefore recommend that the judgment of the lower court be affirmed.

By the Court: It is so ordered.