**MIDLAND VALLEY R. CO. v. TAYLOR.**

No. 10538—Opinion Filed Feb. 21, 1922.

(Syllabus.)

**1. Railroads—Fire—Origin—Circumstantial Evidence.**

The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence.

**2. Evidence—Weight and Sufficiency—Circumstantial Evidence.**

Circumstantial evidence in civil cases, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury.

**3. Railroads—Loss by Fire—Origin—Sufficiency of Circumstantial Evidence.**

A barn situated about 128 feet from the railroad track was destroyed by fire, which caught close to an opening in the hay loft, which loft contained loose and dry hay. An engine passed just prior to the time of discovery of the fire, and no other cause for fire was suggested than that it was set from this engine. The wind was blowing from the direction to carry the smoke and sparks from the engine toward the barn. Sparks from similar engines running on the same track had set fire to vegetation around the barn on previous occasions. Held, it was not error under these facts to overrule a demurrer to plaintiff's evidence, and it was not error to overrule a motion for new trial for the reason the evidence was insufficient to sustain a judgment against the company.

**4. Same—Emission of Sparks by Engines.**

Where there is no proof of what particular engine set the fire, and the circumstantial evidence is sufficient to justify the inference that some engine on the road did set fire, then it may be proper to show that the engines on that road at that particular place often emitted sparks, and that some or many of the engines did so at other and different times.

Error from Superior Court, Muskogee County; Guy F. Nelson, Judge.

Action by Ed Taylor against the Midland Valley Railroad Company for damages to property from fire. Judgment for plaintiff, and defendant brings error. Affirmed.

O. E. Swan, for plaintiff in error.

P. J. Carey, for defendant in error.

McNEILL, J. This action was commenced in the superior court of Muskogee county by Ed Taylor against Midland Valley Railroad Company to recover damages occasioned by the destruction of his barn and other personal property by fire, which he alleges was set by a locomotive engine running and operated by defendant upon its railroad. A trial was had to a jury, which resulted in a verdict for plaintiff, on which judgment was rendered, and the case was brought to this court for review.

The first proposition presented by counsel for plaintiff in error is that the court erred in overruling a demurrer to the evidence offered by the plaintiff and in refusing to instruct the jury peremptorily to return a verdict for the defendant. The evidence on behalf of plaintiff disclosed that the barn was located approximately 128 feet east of the track. There was a door or opening about four by five feet in the south end of the barn loft, which door was open at the time. There was a very high wind blowing from the southwest which carried the smoke from defendant's engine toward the barn. There was hay in the loft, some of which was peanut hay and leaves. That about 30 minutes prior to the fire there had been a train passed by the barn, and that immediately prior to when the fire was discovered a train passed by and was not out of sight. The plaintiff did not identify the engine that was supposed to have been the cause of the fire. That engines of the defendant company passing before and after the fire in pulling trains over this same place threw out sparks and fire and set fire to vegetation as far away from the track as the barn, and some in, around, and close to the barn. That no person had been in the barn loft that morning. That the fire started in the loft. The defendant produced witnesses to disclose that all of its engines were similarly constructed and had the same apparatus to prevent the throwing out of sparks, and that one engine was just as likely to throw sparks as any other engine. The evidence further disclosed that there was a slight upgrade close by the barn, which required some pulling. That the fire was discovered in the hayloft a very few minutes after one train had passed. There is no direct evidence that the sparks from the engine caused the fire, but it is contended this is substantiated by reason of certain circumstances.

This court, in the case of St. Louis & S. F. R. Co. v. Shannon, 25 Okla. 754, 108 Pac. 401, stated as follows:

"The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence."

This same rule was approved in the case of Wichita Falls & N. W. Ry. Co. v. Arnold,

56 Okla. 352, 156 Pac. 296, where the court stated as follows:

"The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence."

Plaintiff in error admits that this is the rule, but contends that the evidence is insufficient. We think this evidence brings the case within the rule announced in the case of S. L. & S. F. R. Co. v. Shannon, supra, where the court stated as follows:

"A barn situated about 100 feet north of a railroad track was destroyed by fire, which caught at an opening in hay, with which it was filled. An engine, running heavy and throwing sparks or cinders toward the barn, passed just prior to the time of the discovery, and no other cause for the fire is suggested than that it was set from this engine. Fire from sparks from this or other similar engines running on the same track had set fire to grass immediately around the barn on previous recent occasions. Held, that an order overruling a motion for a new trial, for that the evidence did not reasonably sustain a verdict against the company, was not error"

—the facts being almost identical.

Plaintiff in error, however, relies upon the cases of K. C. S. R. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872, and St. L. & S. F. R. Co. v. Mobley, 70 Oklahoma, 174 Pac. 510. These cases, we think, can easily be distinguished from the facts in the case at bar, as the facts in those cases fail to disclose many circumstances necessary to support the conclusion that the fire originated from the sparks.

This court, in the case of M., K. & T. Ry. Co. v. Simerly, 72 Oklahoma, 180 Pac. 551, stated as follows:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury."

The second, third, and fourth assignments of error deal with the question of the court admitting evidence regarding sparks and cinders emitted by their engines at other times. We think there was no error in this respect. This identical question was also passed upon in the case of St. Louis & S. F. R. Co. v. Shannon, supra, wherein the court stated as follows:

"In an action against a railroad company to recover damages on account of fire caused by sparks from one of its locomotives, evidence of the setting of other fires by other locomotives is competent where it is made to appear that they were practically identical in construction to the one supposed to have set the fire."

This same rule is announced in the case of Gibbons v. Wisconsin Valley R. Co. (Wis.) 17 N. W. 132, where it is stated as follows:

"Where there is no proof of what particular engine set the fire, and the circumstantial evidence is such that there is a strong probability that some engine on the road did set the fire, then it may be proper to show that the engines on that road generally emitted sparks, or that some one or more of them did so at other times and places. Sheldon v. Hudson River Co., 14 N. Y. 221; Field v. New York, etc., R. Co., 32 N. Y. 339; St. Joseph, etc., R. Co. v. Chase, 11 Kan. 47; Huyett v. Philadelphia, etc., R. Co., 23 Pa. St. 373."

See, also, Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Smith v. Central Vermont Ry. Co. (Vt.) 67 Atl. 535.

The fourth and fifth assignments of error go to the giving and refusing of certain instructions. Plaintiff in error cites no authorities to sustain the contention that there was any error in the giving and refusing of these instructions. The instructions as a whole disclose that the court fairly submitted the issues to the jury, and we think there were no prejudicial errors therein.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.