## MIDLAND VALLEY R. CO. v. RUPE.

No. 10888—Opinion Filed Nov. 28, 1922.

(Syllabus.)

1. **Railroads — Fires — Sparks from Locomotive as Cause — Circumstantial Evidence.**

The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence and oftentimes this is the only evidence obtainable in such cases; but as such evidence consists in reasoning from facts which are known or proved to exist, in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation.

2. **Appeal and Error—Review—Insufficiency of Evidence.**

A judgment must be based upon evidence reasonably tending to support the same, not upon conjecture and such judgment founded upon proof of a mere possibility will not be permitted to stand.

3. **Same—Action Against Railroad for Fire Damage.**

Record examined, and held, that the evidence is insufficient to support the judgment.

Error from County Court, LeFlore County; D. A. Shaw, County Judge.

Action by Sam Rupe against the Midland Valley Railroad Company for destruction of automobile by fire. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

O. E. Swan and T. T. Varner, for plaintiff in error.

R. P. White and L. V. Reid, for defendant in error.

NICHOLSON, J. This action was instituted by Sam Rupe, as plaintiff, against the Midland Valley Railroad Company, as defendant, to recover the sum of $470 damages for the destruction of a Ford automobile by fire alleged to have been caused by a locomotive of the defendant.

The petition alleged that on July 29, 1916, the defendant, in the operation of one of its locomotives, set fire to a gin house at Williams, Okla., in which the plaintiff's automobile was located, and that said automobile was by said fire destroyed. The allegations of the petition were denied by the answer. A trial by jury was waived and the case tried to the court.

At the conclusion of plaintiff's evidence the defendant interposed a demurrer thereto, which was by the court overruled. The defendant then offered its evidence, and at the close thereof moved the court to render judgment in its favor, for the reason that the evidence was insufficient to prove a cause of action against it. This motion was by the court overruled and judgment was rendered in favor of the plaintiff for the sum of $425, to review which the defendant has appealed.

Complaint is made of the action of the trial court in overruling the demurrer to the evidence of the plaintiff, and in rendering judgment in favor of the plaintiff and against the defendant, and in overruling the motion of the defendant for a new trial.

It appears that plaintiff's car was kept in the gin shed, which was 47 steps, or about 140 feet, north of the track of the defendant; that the south side of the gin was open; that about 1:30 o'clock a. m., a freight train passed going east. The plaintiff, Rupe, and Bent Cox, the owner of the gin, both of whom were at the fire, testified that the fire occurred at about 4 o'clock a. m. Mack Franklin, the only other witness who endeavored to fix the time of the fire, fixed it at about 2:30 o'clock a. m. He was not at the fire, but was at a mine about a mile west of the depot. He admitted that his watch might have been wrong. The fire was still burning at 4:45 a. m., when a train going west passed.

The gin was built of undressed pine lumber. There was oil on and around the press and cotton lint on the walls and around the machinery. The roof was of galvanized iron. The fire occurred on the 29th day of July, when the weather was hot and dry, and the building burned quickly. The wind was in the southeast (a slight breeze, according to the testimony of Mr. Cox). The track was slightly up grade going east by the gin. About two weeks after the fire occurred, a freight train going west threw sparks farther from the track than the gin was located.

It is the theory of the plaintiff that a spark from the locomotive passed through the opening in the gin and caused the fire. There is no direct evidence to this effect, but it is insisted that the circumstances are such that this inference should be drawn.

Under section 114, Rev. Laws 1910, the question of negligence does not enter into the case, and the only question presented is

whether or not, in the light of the testimony, it may reasonably be inferred that the origin of the fire was a spark from defendant's locomotive.

There is no evidence showing whether the train in question was running fast or slow, whether the locomotive was emitting sparks or cinders, or whether or not it was working steam. Neither is it shown whether coal or oil was used as fuel. This locomotive was pulling a light train, having only twelve loads. The train passed at least two hours before the fire was discovered. The wind was from the southeast, the track was east and west, the gin was at least 140 feet north of the track, so that a spark carried by the wind would have traveled much more than 140 feet to reach the gin. The testimony that another locomotive going in an opposite direction two weeks later threw sparks which traveled farther from the track than the gin was located is of little significance, because the direction or velocity of the wind on this occasion is not shown, neither is the size of the train nor whether the locomotive was working steam shown. These sparks did not cause a fire. In fact, there was no similarity of conditions shown. The gin shed had been in the same condition for three years, with trains passing many times daily and no fire had occurred.

It is well settled that the fact that a fire which destroyed property originated from sparks of a passing locomotive may be shown by circumstantial evidence (St. Louis & S. F. Ry. Co. v. Shannon, 25 Okla. 754, 108 Pac. 401; Wichita Falls & N. W. Ry. Co. v. Arnold, 56 Okla. 352, 156 Pac. 296; Wichita Falls & N. W. Ry. Co. v. Gant, 56 Okla. 727, 156 Pac. 672; Midland Valley Ry. Co. v. Taylor, 85 Okla. 95, 204 Pac. 1102); and oftentimes this is the only evidence obtainable in such cases; but as such evidence consists in reasoning from facts which are known or proved to exist in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also upon conjecture and speculation. St. Louis & S. F. Ry. Co. v. Mobley, 70 Oklahoma, 174 Pac. 510; Swenson v. Erlandson (Minn.) 90 N. W. 534.

The entire evidence in this case, when boiled down, merely shows that a train passed through the town of Williams at about 1:30 o'clock a. m., and that the fire occurred about two hours later, and from this evidence the court concluded that sparks from the locomotive of this train caused the fire. This evidence is, in our opinion, insufficient to support the judgment. The time elapsing between the passing of the train and the fire is, to our mind, alone, sufficient to break the chain of circumstances essential to connect the fire with defendant's locomotive. The conclusion that sparks from the locomotive caused the fire is based solely upon speculation and conjecture. The gin was open, so that anyone might enter. There was oil on and around the press and lint on the press and walls. Would it not be reasonable to conclude that tramps inadvertently set the fire, or that a match dropped among the lint might have been gnawed by mice, or that the fire was set by spontaneous combustion, or originated in some other manner, as it is to conclude that a spark from the locomotive slumbered for two hours before starting the blaze? It may be possible that the defendant set the fire, and it may be possible that it was set by someone else, but a judgment founded upon mere conjecture of possibilities will not be permitted to stand. Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872; Swenson v. Erlandson, supra; Southern Ry. Co. v. Collins (Ala.) 60 South. 95; Moore v. Missouri Pacific Ry. Co., 28 Mo. App. 622; Sheldon v. Hudson River R. R. Co., 29 Barber (N. Y.) 226.

The defendant in error relies upon the cases of St. Louis & S. F. Ry. Co. v. Shannon, Wichita Falls & N. W. Ry. Co. v. Gant, Wichita Falls & N. W. Ry. Co. v. Arnold, and Midland Valley Ry. Co. v. Taylor, supra, and contends that the evidence in this case is as strong as was the evidence in those cases, but we do not think so. In Wichita Falls & N. W. Ry. Co. v. Gant, the facts are not disclosed, and we are not advised thereof, but in each of the other cases a train had passed just prior to the time of the discovery of the fire, and there was evidence from which a reasonable inference might be drawn that sparks from the locomotive caused the fire, but no such inference can be drawn from the evidence in this case.

The judgment of the trial court is reversed, and the cause remanded for a new trial.

KANE, JOHNSON, McNEILL, MILLER, and KENNAMER, JJ., concur.