## KANSAS CITY SOUTHERN RY. CO. v. JONES et al.

No. 11039—Opinion Filed June 12, 1923.

Rehearing Denied July 10, 1923.

(Syllabus.)

**1. Railroads—Fires from Locomotive—Circumstantial Evidence.**

The fact that a fire which destroyed property originated from the sparks of a passing locomotive may be shown by circumstantial evidence.

**2. Evidence—Weight and Sufficiency—Circumstantial Evidence.**

Circumstantial evidence in civil cases, in order to be sufficient to sustain a verdict, need not rise to that degree of certainty which will exclude every reasonable conclusion other than that arrived at by the jury.

**3. Railroads—Fires from Locomotive—Sufficiency of Circumstantial Evidence.**

Two mules were in a barn about 250 feet from the railroad track and were destroyed by fire, which fire originated in the barn on the side nearest the track. The side of the barn closest to the track had an opening several feet wide about four feet from the ground that was used to place hay in the mangers, and there was loose hay in the mangers. A large engine pulling a heavy freight train upgrade passed just prior to the time of the discovery of the fire, and no other cause for fire was suggested than set by the engine. The wind was blowing from the direction to carry the smoke and sparks from the engine toward the barn. No one saw the sparks being emitted from the engine. Sparks from similar engines running on the same track had carried live sparks on previous occasions a distance as far as the barn was from the track. Held, the trial court did not err in refusing to instruct the jury to return a verdict for the defendant, nor in overruling a demurrer to plaintiff's evidence.

**4. Same — Evidence — General Emission of Sparks by Passing Engines.**

Where there is no proof of what particular engine set the fire, and the circumstantial evidence is sufficient to justify the inference that some engine on the road did set the fire, then it may be proper to show that the engines on that road at that particular place often emitted sparks, and that some or many of the engines did so at other and different times.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by S. B. Jones and another against the Kansas City Southern Railway Company for damages from fire. Judgment for plaintiffs, and defendant brings error. Affirmed.

James B. McDonough, for plaintiff in error.

J. H. Jarman, for defendants in error.

McNEILL, J. This action was commenced in the district court of Sequoyah county by S. B. Jones and J. H. Jarman against the Kansas City Southern Railway Company to recover damages for the loss of two mules by fire. It is alleged the mules were in a barn which was set on fire by a locomotive engine operated by defendant upon its railroad. A trial was had to the jury, which resulted in a verdict for the plaintiff.

The first proposition presented for reversal is that the court erred in overruling the demurrer to the evidence offered by the plaintiff and refusing to instruct the jury to return a verdict for the defendant. The

evidence on behalf of the plaintiff disclosed that the barn was located approximately 230 feet from the track. The side of the barn toward the railroad had an open space several feet wide, and about four feet from the ground, that was used for the purpose of placing the feed in the stalls. There was a strong wind blowing, and it carried the smoke from the defendant's engine toward the barn. That a large engine pulling a long freight train passed by the barn and before the same was out of sight the fire was discovered. There was no cause suggested as to how the fire originated except it was set by the engine.

The plaintiff did not identify the engine that was supposed to have emitted the sparks that caused the fire. There was evidence that large engines of the defendant in pulling long freight trains running in the same direction had prior thereto thrown out sparks, and on one or two occasions set fire to vegetation as far away from the track as the barn. The train at the time was running upgrade, and it was described as a hard pull for the engine, and the trains in making this grade would run very slow.

The plaintiff in error contends the facts in this case are almost identical and it is controlled by the case of Kansas City Southern Ry. Co. v. Henderson, 54 Okla. 320, 153 Pac. 872. Mr. Henderson was the owner of the barn at the time the mules were destroyed, and he brought suit to recover for loss of the barn. Judgment was rendered in his favor, but reversed by this court in a commissioners' opinion, for the reason the evidence was insufficient to support a verdict. Without passing upon the correctness of the decision in the case of K. C. Southern Ry. Co. v. Henderson, the opinion in that case reversed the case because there was no showing that the wind was blowing in the direction that would carry sparks emitted from the engine toward the barn, nor that sparks would live the distance that the barn was from the railroad, nor the velocity of the wind.

Mr. Teague testified that he passed by the barn about 30 minutes before the fire. That he was about 300 yards from the barn, across the creek, sitting on a fence; saw the freight train passing, running slow, as most freight trains run slow at that place, as it was a heavy grade. That a few minutes after the freight train passed, he discovered the fire. He did not believe the train was out of hearing when he first discovered the fire. The fire started at the north end of the barn, and must have been in the manger on the north corner next to the railroad. He testified

he did not observe the freight train throwing sparks, but it was a big, long freight train, and looked like the same kind of engine they used on the railroad to pull freight trains. He testified he had seen other engines, apparently the size of this one, pulling long freight trains, that emitted sparks or threw out cinders, and set fire to vegetation close to a lumber pile, which was farther from the railroad than the barn.

Mr. Henderson testified that he had known engines pulling freight trains to set grass afire in the same vicinity about as far from the railroad track as the barn was. Mr. Alexander testified the wind was blowing from the railroad toward the barn. Mr. Trosper testified that the wind was blowing about the same gale upon this night that it did on another occasion when fire had been set out from sparks from an engine about the same distance from the railroad. This evidence meets the objections that were made by this court in the case of K. C. S. Ry. v. Henderson, supra.

The facts produced in this case, as heretofore stated, bring the case squarely within the rule announced by this court in the case of Midland Valley R. Co. v. Taylor, 85 Okla. 95, 204 Pac. 1102, St. Louis & S. F. R. Co. v. Shannon, 25 Okla. 754, 108 Pac. 401, and Wichita Falls & N. W. Ry. Co. v. Arnold, 56 Okla. 352, 156 Pac. 296. This court in the case of M., K. & T. Ry. Co. v. Simerly, 72 Oklahoma, 180 Pac. 551, stated as follows:

"Circumstantial evidence in a civil case, in order to be sufficient to sustain a verdict, need not arise to that degree of certainty which will exclude every reasonable conclusion other than the one arrived at by the jury."

The Supreme Court of Kansas in two very similar cases held that evidence of the character above referred to is sufficient to take the case to the jury. See Otey v. Midland Valley R. Co. (Kan.) 197 Pac. 203; Hammon et al. v. Midland Valley Ry. Co. (Kan.) 189 Pac. 909.

We think this evidence sufficient to bring the case within the rule above announced, and sufficient to take the case to the jury, and there is no error in overruling the demurrer.

It is next contended the court erred in permitting certain evidence to be introduced, to wit: That other large engines of the company, pulling large freight trains up this same grade, had emitted sparks, and the same were carried as far as the barn was situated from the railroad. We think there was no error in the admission of this evidence. Plaintiff in error contends it was

incumbent upon the plaintiff to prove that the engines were identical in construction with the one supposed to have set out the fire. While it is true some of the courts have used that language, yet when the plaintiff has produced evidence that other engines of the company, similar in size, pulling similar trains, emitting sparks, we think this is a sufficient circumstance to go to the jury.

In the case of Midland Valley R. Co. v. Taylor, supra, this court quoted with approval from the case of Gibbons v. Wisconsin Valley R. Co. (Wis.) 17 N. W. 132, as follows:

"Where there is no proof of what particular engine set the fire, and the circumstantial evidence is such that there is a strong probability that some engine on the road did set the fire, then it may be proper to show that the engines on that road generally emitted sparks, or that some one or more of them did so at other times and places. Sheldon v. Hudson River R. Co., 14 N. Y. 221; Field v. N. Y., etc., R, Co. 32 N. Y. 339; St. Joseph, etc., R. Co. v. Chase, 11 Kan. 47; Huyett v. Philadelphia, etc., R. Co., 23 Pa. St. 373."

We think there was no error in the admission of this evidence.

If there was any difference in the engine which is supposed to have set the fire from other large engines of the railroad company, this fact was within the knowledge of the company, and could have been easily proven by the company. No such defense was offered, nor was there any contention that all the large engines were not similarly constructed.

These are the only two assignments of error referred to in the brief and will be the only ones considered.

For the reasons stated, the judgment of the trial court is affirmed.

NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.