**MISSOURI PACIFIC R. CO. v. LAMB et al.**

No. 12779—Opinion Filed Jan. 22, 1924.

Rehearing Denied May 13, 1924.

**1. Railroads—Fires Set by Locomotive—Circumstantial Evidence.**

The fact that a fire which destroyed a barn located about 175 feet from the railroad tracks originated from the sparks of a passing locomotive may be shown by circumstantial evidence.

**2. Same—Sufficiency of Evidence.**

A barn situated about 175 feet from the railroad tracks was destroyed by fire which caught in the hay loft, which barn was full of baled hay. Two engines passed just prior to the time of discovery of the fire, one was going north and up a heavy grade, and the other going south. Both were heavy trains and passed near the barn. The wind was blowing from the direction to carry the smoke and sparks from the engine towards the barn. Sparks from similar engines running on the same track had set vegetation on fire around near the barn, and another barn located on the same site had burned previous to this fire. The fire was discovered before the engines got out of the yard and was on the side of the barn next to the railroad track. No other cause by which the barn might have been set on fire was suggested, other than it came from the sparks from a railroad engine, and everything was favorable to support that assumption. Held, that the jury in this case was justified in finding that the barn and hay were set on fire from sparks thrown by the engines of the railroad company.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Wagoner County; Guy F. Nelson, Judge.

Action by V. Lamb et al. against Missouri Pacific Railroad Company to recover damages for setting fire to a barn of hay. Judgment for plaintiffs, and defendant appeals. Affirmed.

Thos. B. Pryor and W. L. Curtis, for plaintiff in error.

E. L. Kirby, T. M. Markley, and Geo. B. Rittenhouse, for defendants in error.

Opinion by MAXEY, C. The parties will be referred to as they appeared in the court below. The plaintiffs commenced this action by filing their petition in the district court of Wagoner county on January 24, 1921, in which they alleged that on the 10th day of September, 1920, the defendant, through its agent, servants, and employes, while operating a train on its road in the town of Neodesha on said road, negligently and carelessly operated said train in such a way that sparks emitted from its engine setting fire to the hay and barn in which the hay was stored, destroyed same, and that the hay was worth $5,250, and the barn $2,500, amounting in the aggregate to $7,750, and on such loss and damages $1,000 was covered by insurance; that after said fire, the plaintiffs V. Lamb and C. C. Kennedy made proof of loss of said fire to the Commercial Union Assurance Company, and said assurance company has paid to the plaintiffs the sum of $1,000, its total liability under the policy issued by it, but that the sum of $6,750 of said loss caused by defendants has not been paid, nor any part thereof. The defendant in error Commercial Union Assurance Company is made a party plaintiff and claims that it is entitled to be subrogated to the rights of the plaintiffs against said railroad company to the extent of $1,000, the amount paid by it on its policy on the barn of plaintiffs. There seems to be no controversy as to the rights of the assurance company to be subrogated in case plaintiffs recover. The defendant filed an answer in the nature of a general denial, and upon these pleadings the case went to trial.

There seems to be little controversy, if any, in the testimony as to the value of the barn and the hay as set out in plaintiffs' petition. The testimony shows that on September 10, 1920, between nine and ten o'clock in the forenoon, a train going north over the defendant's railroad tracks through the town of Neodesha stopped somewhere between 150 and 180 feet from the barn of the plaintiffs to let a train that was going south pass. Both of these trains were heavily loaded and smoke from the trains was blowing right in the direction of the barn, and was so dense that at times it had the barn entirely covered with the smoke from the engine so that it could not be seen. The wind was blowing from the southwest at the rate of 25 or 30 miles an hour. The train going north commenced to pull out as soon as the train going south cleared, and the grade at this place is quite heavy going north, and the north bound train in pulling out was throwing a great volume of smoke from its engine in the direction of the barn. It was pulling hard for some distance before it finally got under way, and during this time the wind was blowing the smoke from the engine directly towards the barn. One of the trainmen testified that as they

were pulling out of the station he saw fire coming out of the barn. A number of other witnesses testified to seeing the fire within three or five minutes after the trains pulled out. A number of witnesses testified to the trains of defendant road throwing cinders and sparks, at least as far from the track as the barn was situated, and setting the prairie on fire at various times, and it also appears from the testimony that another barn, on the same site as this one, was set fire to and burned by the defendant railroad company's engine two or three years before this fire. The defendant introduced its trainmen, who testified as to the general operation of its trains, and at this place, in particular, their testimony tended to show that there was nothing unusual in the operation of the train at this particular time. Defendant also introduced some experts who testified as to the condition of the engine and spark arrester, and their opinion as to how far an engine could throw sparks and set fire to a barn or prairie. No one actually saw the engine set fire to the barn, but the evidence strongly tends to support the theory of plaintiffs that the barn was set fire to by the engine of the defendant. The conditions were as favorable as could be for the engines to have set fire to the barn. The engines were emitting great volumes of smoke which were going directly towards the barn and were so dense as to envelop the barn at times and hide it from view. The wind was blowing a stiff gale from the southwest sending the smoke in the direction of the barn. Other fires were shown to have been set out before this time by the defendant and another barn on this same site was set fire to and burned by sparks from the defendant's engine. While no one saw the fire set out. it cannot be said that under the facts in the case there was not very strong circumstantial evidence tending to show that the defendant's engines set fire to the barn. The defendant in its assignment of errors complained principally that there was an entire lack of testimony showing that defendant's engine set fire to the barn. Defendant complains of the court refusing certain instructions requested by the defendant, and in giving certain instructions to the jury, and relies on the case of the Midland Valley Railroad Company v. Rupe, 87 Okla. 286, 210 Pac. 1038, and the case of Kansas City Southern Railroad Company v. Henderson, 54 Okla. 320, 153 Pac. 872, and other cases which are unnecessary to cite. There is a long line of cases of this character, of railroads setting out fire, from this court, but they all sustain the principle, and the rule is well settled, that the fact that the fire

which destroyed property originated from sparks of a passing locomotive may be shown by circumstantial evidence. St. Louis-San Francisco Railway Company v. Shannon, 25 Okla. 754, 108 Pac. 401; Wichita Falls & Northwestern Railway Company v. Arnold, 56 Okla. 352, 150 Pac. 296; Wichita Falls & Northwestern Railway Company v. Gant, 56 Okla. 727, 156 Pac. 672; Midland Valley Railway Company v. Taylor, 85 Okla. 95, 204 Pac. 1102. The rule is further extended, and it is said that circumstantial evidence is oftentimes the only evidence obtainable in such cases, but as said evidence consists in reasoning from facts which are shown and proved to exist, in order to establish such as are conjectured to exist, the process of reasoning is defective if the circumstances from which it is sought to deduce the conclusion depend also on conjecture and speculation. St. Louis & S. F. Ry. Co. v. Mobley, 70 Okla. 297, 174 Pac. 510. The case comes clearly within the rule laid down in the foregoing authorities. All of the conditions existed making it reasonably certain that the fire was set to the barn by the passing locomotives, or. one of them. There were people, around the barn or near it before and during the time that the railroads trains were passing, who saw no fire before the trains passed, but did see it immediately after they passed. The wind was in the proper direction, blowing the smoke and cinders from the engines directly towards the barn. Other fires had been set out near this place on previous occasions, and another barn, located on the same site as this barn, was burned from fire set out by the railroad. It cannot be said that it was merely conjecture that the verdict of the jury was based on, but it is based upon a series of facts and circumstances which amply support the conclusion that they reached. that the fire which burned the barn was set out by the defendant's railroad locomotives. or from one of them. The rule in this jurisdiction is too well established to need futher citations or authorities or reasoning.

We will now take up the instructions requested by the defendant. Defendant requested three instructions. Two of them were refused by the court, and one modified by the court and given. Without going into a discussion and analysis of the instructions given, suffice to say that we think instructions one and two requested were properly refused, and instruction number three, as modified and given, was correct. The defendant next complained of five of the instructions given by the court. We have examined the entire charge of the court, which is short, and to

our minds presented the case to the jury as fairly as it well could be by the trial judge. He is a very able and careful judge, and taking the entire charge of the court, together, we feel that there was no error in the refusal, or the giving of instructions. The defendants in error, in their brief, have taken up the cases cited by plaintiffs in error and distinguished between the different cases and the case at bar, and they cite a number of cases similar to the case at bar, some of which are very much like the case before us. In the case of Midland Valley Ry. Co. v. Taylor, 85 Okla. 95, 204 Pac. 1102, the third paragraph of the syllabus is as follows:

"A barn situated about 128 feet from the railroad track was destroyed by fire, which caught close to an opening in the hayloft, which loft contained loose and dry hay. An engine passed just prior to the time of the discovery of the fire, and no other cause for fire was suggested than it was set from the engine. The wind was blowing from the direction to carry the smoke and sparks from the engine toward the barn. Sparks from similar engines running on the same track had set fire to vegetation around the barn on previous occasions."

This case is very much like the case before us and lays down the well-established principle covering cases of this kind. Another case is the recent case from this court of Kansas City Southern Railway Company v. Jones, 99 Okla. 231, 216 Pac. 909. The third paragraph of the syllabus is as follows:

"Two mules were in a barn about 250 feet from the railroad track and were destroyed by fire, which fire originated in the barn on the side nearest to the track. The side of the barn closest to the track had an opening several feet wide to place hay in the mangers and there was loose hay in the mangers. A large engine pulling a heavy freight train upgrade passed just prior to the time of the discovery of the fire and no other cause for fire was suggested than set by the engine, the wind was blowing from the direction to carry the smoke and sparks from the engine to the barn. No one saw the sparks being emitted from the engine. Sparks from similar engines running on the same track had carried live sparks on previous occasions a distance as far as the barn was from the track. Held, the trial court did not err in refusing to direct a verdict for the defendant, nor in overruling a demurrer to plaintiff's evidence.

It will be seen that the barn in the case last cited was 250 feet from the railroad track, and the barn in the instant case was between 150 and 180 feet. In both cases, the plaintiff had to rely on circumstantial evidence, and the facts are so near alike that we feel that this case is controlled by the last case cited. It is only where there is no evidence introduced at the trial of a cause, reasonably tending to establish the allegations of plaintiff's petition, that the court is justified in sustaining a demurrer to such evidence and rendering a judgment in favor of the defendant. Where there is evidence reasonably tending to sustain the issues on the part of plaintiff, and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury.

We think the verdict of the jury is amply sustained by the evidence, and that the court was right in overruling a motion for a new trial, and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.