### ROCKY MOUNTAIN DRILLING CO. et al. v. LINDSEY.

No. 13056—Opinion Filed March 4, 1924.

1. Fires—Negligent Origin—Evidence.

Where a house is set on fire and burned down, and the evidence shows that a cook stove was placed eight or ten inches from the wall and that it had set fire to the house on two former occasions, it was not error for the court to admit testimony to show that said stove had set fire to the house on former occasions.

2. Landlord and Tenant—Liability of Tenant for Negligent Burning of House.

Record examined, and held, that, no reversible error appearing, the judgment of the trial court should be affirmed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Caddo County; Will Lynn, Judge.

Action by O. Lindsey against Rocky Mountain Drilling Company, a corporation, and McKinnie Oil & Drilling Company, a corporation. Judgment for plaintiff, and defendants appeal.

Bond, Melton & Melton, for plaintiffs in error.

Morris & Jameson, for defendant in error.

Opinion by MAXEY, C. The parties will be referred to as they appear in the court below. The plaintiff, O. Lindsey, brought this suit against the defendant Rocky Mountain Drilling Company and McKinnie Oil & Drilling Company, to recover damages for the burning of a house, occupied by the defendants, that belonged to the plaintiff. Plaintiff rented the house to the defendants to use as a camp house for their drilling crew. It is alleged in the petition that the defendants negligently placed a stove in one room of the house and operated and used said stove in a careless and negligent manner, and by reason of using said stove in such careless and negligent manner, the house belonging to the plaintiff was set fire to and burned. There is no question about the house burning down while defendants were using it. The plaintiff introduced several witnesses to show that the stove was set near the wall and was heated by gas, and that there was no pipe running from the stove to the flue to the building. The evidence shows that the stove was set up within 8 to 12 inches of the side of the room; that the room was sealed with pine lumber and had a shingle roof on the house. The stove was a cook stove, and used for preparing the meals for a number of the drilling crew. No witnesses were introduced by plaintiff to show how the fire caught in the side of the building, and so far as the evidence shows, there was no one present at the time except the employes of the defendants, and defendants did not see fit to put anyone on the stand who was present and might have explained how the fire originated. It is clear from the testimony that the stove was placed in close proximity to the wall, and it is also the undisputed evidence that the house had caught fire from this stove, while being occupied by the defendants, twice before the last fire, which burned the building. The evidence shows that the house was worth about $1,200 or $1,400. The only point urged by plaintiffs in error is stated in their brief as follows:

"The paramount question involved in this case is the admissibility of testimony showing two fires prior to the conflagration that destroyed the building. We contend that the court erred in the receipt of such testimony and we not only saved exceptions to the introduction of same but also requested an instruction asking that said testimony be excluded from the consideration of the jury."

The objection urged to this testimony goes to the proposition that you cannot show similar fires occurring at a different time from the one that burned the house. Counsel does not cite any case from this court bearing directly on this question. But there are a number of cases reported in the decisions of this court where railroads have set out fires and destroyed property, in

which cases the courts have uniformly admitted testimony showing that the trains on said railroads had set out fire on former occasions and we think the court was right in admitting the testimony in this case to show that the house had been set on fire by the same stove on two former occasions. It is a circumstance tending to show how the fire originated, and is proper to go to the jury in connection with the other testimony to show how the house was set on fire. It seems to us that a stove set 8 or 10 inches from the wall, that had no pipe, that had set the house on fire on two occasions prior to the fire that finally burned the house, is a strong circumstance that the stove was not properly set, but must have been set and operated in a careless and negligent manner, and that the two former fires were a warning to the defendant that it was not safe to let the stove remain where it was. This evidence as to how the stove was set and as to the value of the building is not controverted. The circumstances and the evidence strongly tend to show that the stove was operated in a careless and negligent manner, and the case was submitted to the jury on instructions as fair to defendants as they could ask. The following is a list of cases against railroads in which the court admitted testimony to show that the trains on the railroads in question had set out fire on former occasions: St. Louis-San Francisco Railway Company v. Shannon, 25 Okla. 754, 108 Pac. 401; Wichita Falls & Northwestern Railway Company v. Grant, 56 Okla. 727, 156 Pac. 672; Midland Valley Railway Company v. Taylor, 85 Okla. 95, 204 Pac. 1102. This seems to be the uniform rule in that class of cases, and we can see no distinction between that class of cases and the case at bar. Here was a stove placed in this house up close to the wall, so close, in fact, that it set fire to the house on the former occasions. We think that testimony is perfectly proper as it tends to show negligence, and that it was the improper operation of the stove that led to the house being destroyed. This being the only question discussed in the case, and following the rule laid down by our court in railroad fire cases, we do not think it was error to admit this testimony. Finding no error in the record, the judgment of the trial court is affirmed.

By the Court: It is so ordered.