THOMPSON et al. v. VANPOOL.

No. 33427. Oct. 4, 1949.

*210 P. 2d 370.*

E. G. Nahler, of St. Louis, Mo., Satterfield & Franklin and Harvey L. Harmon, all of Oklahoma City, and Wallace, Wallace & Owens, of Miami, for plaintiff in error.

Frank Nesbitt, Robert E. Nesbitt, and Nelle Nesbitt, all of Miami, for defendant in error.

ARNOLD, V. C. J. On September 9, 1946, the plaintiff, George Vanpool, was the lessee of certain premises described in his petition and situated about three miles northeast of Miami, Oklahoma. He did not reside on these premises but used a barn located there-on for storage purposes. A residence on these premises was occupied by a subtenant. At the time in question plaintiff had stored in said barn baled hay, seed wheat, and commercial fertilizer, the value of which established by the testimony was $2,445. No issue as to this valuation is presented. This barn stood approximately north and south and some 175 to 200 feet west of the right of way of the defendant company. There was a doorway about 6 feet tall in the south end of the barn loft which had no shutter. Defendant's railroad tracks at this location extend in a southwest to northeast direction up a slight grade. On this morning the subtenant occupying the residence on the premises was awakened by the noise of a freight train pulling this grade at approximately 6:30 a.m. Some 15 or 20 minutes after the train passed going north, this tenant arose and went to his kitchen for the purpose of building a fire and saw through the kitchen window that the roof of the barn was in flames. Another witness for plaintiff lived on another farm southeast of this barn and he too was attracted by the noise of this freight train pulling this grade and in a few moments after the train passed his attention was attracted by smoke issuing from the roof of said barn. The barn and its contents were completely destroyed.

In his petition plaintiff alleged that the fire was caused by the negligence and carelessness of the defendant in not properly equipping its locomotives with spark screens and spark arresters, but in the opening statement of defendant to the jury this issue of negligence was eliminated from the case by a concession that if the fire was caused by one of defendant's locomotives, it would be liable for the damage caused regardless of negligence. Defendant presents its cause in its brief here upon the same theory.

Under instructions of the trial court, of which no criticism is here made, the jury returned a verdict in favor of plaintiff for the sum of $2,445 and costs.

In this court the only contention for reversal of the judgment made by the defendant is the alleged insufficiency of the evidence to support the verdict and judgment and resulting error of the trial court in overruling defendant's demurrer to plaintiff's evidence and in overruling defendant's motion for a directed verdict at the close of all of the evidence.

In this court both parties cite and quote from numerous decisions of this and other courts in cases having more or less similarity in their facts to the instant case. We deem it unnecessary to review these authorities in detail because the facts in this case appear to us to admit of but one logical conclusion and the language of the decisions cited and relied on by the parties relate to fact situations which, while sometimes similar, have features which distinguish them from the instant case. This case is one of purely circumstantial evidence and those circumstances appear to us to be consistent with each other and consistent with the main fact sought to be proved, i.e., that defendant's locomotive was the originating cause of plaintiff's loss.

Two witnesses for the plaintiff observed the passing of the freight train on this morning only a few minutes before the barn was discovered to be on fire; it was laboring and puffing heavily as it made this grade past the barn. It is in evidence that on this morning a wind was blowing from the southeast to the northwest which one of the witnesses terms "a nice breeze" and other witnesses say that it had a velocity of 20 to 25 miles an hour; it is in evidence that the locomotive pulling the train on this morning was of what is known as the 4100 class, which is a coal burner; that on prior occasions during 1946 locomotives of this type pulling trains up this grade had emitted sparks and ashes which fell "all around" this barn; that on one occasion in some prior year one of these freight engines had set fire to a stubblefield of plaintiff lying across a road southwest from this barn which fire burned off about 20 acres of stubble. The evidence establishes that no person occupied any portion of this barn at the time in question and that there was no fire in or around the barn on the night of the 8th or the morning of the 9th until after this freight train had passed.

Circumstantial evidence no more cogent or convincing than the facts and circumstances here shown have been held by this court to fix liability upon railroad defendants. See St. Louis & S. F. Ry. Co. v. Shannon, 25 Okla. 754, 108 P. 401; Wichita Falls & N. W. Ry. Co. v. Arnold, 56 Okla. 352, 156 P. 296; Wichita Falls & N. W. Ry. Co. v. Gant, 56 Okla. 727, 156 P. 672; Midland Valley Ry. Co. v. Taylor, 85 Okla. 95, 204 P. 1102; and Midland Valley Ry. Co. v. Rupe, 87 Okla. 286, 210 P. 1038.

Judgment affirmed.

DAVISON, C.J., and WELCH, CORN, LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur. GIBSON, J., concurs in conclusion.