John A. CROISANT and William T. Croisant, d/b/a Croisant Cotton and Implement Company, Plaintiffs in Error,

v.

William D. HORNER, Defendant in Error.

No. 39997.

Supreme Court of Oklahoma.

Jan. 29, 1963.

Andrew Wilcoxen, Muskogee, for plaintiffs in error.

Jesse Leeds, Muskogee, for defendant in error.

PER CURIAM.

Plaintiff, William D. Horner, brought this action to recover damages for personal injuries suffered by reason of burns on his left leg. His petition alleged that defendants, John A. Croisant and William T. Croisant, d/b/a Croisant Cotton and Implement Company, repaired a certain tractor belonging to plaintiff's employer and left a paper shipping label attached to a new exhaust pipe which was installed on the tractor. Plaintiff went to defendants' shop and was told that the repairs were completed. He drove the tractor toward the farm. After he had been driving for approximately one hour, he noticed that his pants and the tractor seat were afire. This fire was the cause of plaintiff's injuries. Defendants answered by way of general denial. The jury returned a verdict for plaintiff.

Defendants filed a motion for new trial which was overruled and they appeal.

Defendants argue that the trial court erred in overruling their demurrer to plaintiff's evidence and in overruling their motion for directed verdict at the conclusion of all the evidence. Since defendants presented evidence following the overruling of their demurrer to plaintiff's evidence, our discussion will be limited to the claimed error in overruling the motion for directed verdict at the close of all evidence. We therefore must examine the evidence to decide whether it was sufficient to raise a fact question concerning negligence and proximate cause.

Plaintiff was the only eye witness to the fire which caused his injury. He testified that he noticed the paper, like a post card, wrapped around the exhaust pipe when he took the tractor from defendants' shop. He did not actually see the paper burning or see it fly from the exhaust pipe to the tractor seat. He did notice after his injury that a charred piece of the paper the size of a nickel was all that remained of the paper on the exhaust pipe. He testified that he was not smoking as he drove the tractor and that he had driven the tractor over a period of years without having a fire on it. At one point the plaintiff testified, without objection, as follows:

"A. And the way the wind was blowing that evening, it was blowing out of the northwest a pretty good gale, and when that paper got to burning on that exhaust pipe, the way I was driving it, that wind just whipped it around and up under my seat.

"Q. That's your theory about how it happened, isn't it?

"A. Well, that's the only way it could have happened.

"Q. You didn't see any of it happen, though did you, Mr. Horner?

"A. No; I didn't see it happen but that's the only way it could have happened. There was nothing else there to cause it."

Two of the witnesses testified that after the engine runs awhile the exhaust pipe becomes hot enough to scorch paper. And there is an absence of proof of other conditions by which the fire might have been started.

The plaintiff's evidence concerning the origin of the fire which burned his leg was largely circumstantial. But these circumstances are consistent with each other and with the main fact sought to be proved. The circumstances are sufficient to sustain a finding by the jury that the paper on the exhaust pipe scorched or smouldered, broke off, and blew against the plaintiff's pants which caught fire. This evidence is quite similar to that relied upon to show that a passing locomotive emitted sparks which set fire to a hay barn. See Thompson v. Vanpool, 202 Okl. 92, 210 P.2d 370, and cases cited therein.

In Jack Cooper Transport Company v. Griffin, Okl., 356 P.2d 748, we pointed out the principles that are applicable here:

"We have frequently stated that 'In a civil case, in order to establish his claim, plaintiff need only make it appear to be more probable that injury came in whole or in part from defendant's negligence than from any other cause, and such fact may be established by circumstantial evidence and reasonable inferences to be drawn therefrom.' And that 'If there is any evidence which reasonably tends to prove directly or indirectly or by permissive inference the essential facts, the verdict of jury must stand.' Magnolia Petroleum Co. v. Angelly, Okl., 306 P.2d 309, 315. See also Mid-Continent Pipe Line Co. v. Price, 203 Okl. 626, 225 P.2d 176, 177; Service Pipe Line Co. v. Donahue, Okl., 283 P.2d 844."

Under the facts disclosed by the record, we hold the trial court was correct in overruling the demurrer to the evidence and motion for a directed verdict.

Affirmed.

HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.

BLACKBIRD, C. J., and IRWIN, J., dissent.

The Court acknowledges the aid of Supernumerary Judge N. S. CORN in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.